### Application of ZENITH RADIO CORPORATION.

### No. 941.

District Court, E. D. Pennsylvania.

Jan. 4, 1941.

Pepper, Bodine, Stokes & Schoch, of Philadelphia, Pa. (Frederick H. Spotts, of Philadelphia, Pa., and Irving Herriott and W. Ward Smith, both of Chicago, Ill., of counsel), for Zenith Radio Corporation.

C. J. Hepburn, of Philadelphia, Pa., for Philco Corporation.

KIRKPATRICK, District Judge.

Rule 45(d) (1) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that a subpoena commanding the production of documentary evidence on the taking of a deposition shall not be used without an order of the Court. Zenith Radio Corporation has filed its petition for an order under Rule 45(d) (1) directed to Philco Corporation commanding the production of certain specified documentary evidence on the taking of the depositions of certain of Philco's officers. Philco is not a party to or directly interested in the suit in which the depositions are desired. It has filed an answer invoking the provisions of Rule 30(b) for the protection of deponents, and asking (as its position was clarified by counsel at the argument), not that the petition be dismissed, but that an order be made that the deposition to be taken and the documentary evidence to be produced in response to the subpoena be limited to certain matters and that certain other matters shall not be inquired into.

■ Both sides desire that the issues involved be disposed of upon this petition and answer, and, inasmuch as the facts pleaded and conceded make it entirely possible to do so, I see no reason why the petition cannot be treated as a notice for taking a deposition under 30(a) and the answer as a motion for an order protecting the deponent.

The litigation for which this deposition is needed is pending in the Northern District of Illinois, between Hazeltine Corporation (the owner of a number of radio patents) and Zenith. The suit was begun in May, 1936, and has reached a stage where the Court has determined that Zenith, under a contract with Hazeltine, was entitled to a license under the Hazeltine patents for the period from July 1, 1934, to February 8, 1937 (during which time Hazeltine had wrongfully withheld it). Now in progress are hearings before a special master to determine Zenith's damages.

The immediate issue requiring these depositions is raised by Zenith's allegation that, during the time that it was unable to obtain a license, it unsuccessfully tried to sell its automobile radio receiving sets to Ford Motor Company, and that the reason it failed to do so was that Ford did not want to run the risk of infringement suits by buying from an unlicensed manufacturer, preferring to buy radios from Philco, which held a Hazeltine license.

In order to establish its point, Zenith proposes to show by these depositions that the sets which Ford bought from Philco were the same in character as those sold by Zenith and that there was no substantial price difference which would induce Ford to leave Zenith, from whom it had bought before Hazeltine took away the license. Thus, there being no other business reason, the conclusion would be drawn that the loss of the license caused the loss of the business.

■ Philco's objection is that the production of the evidence requested would result in the examination "being conducted * * * in such manner as unreasonably to annoy, embarrass, or oppress the deponent." This would be a proper ground for a motion under Rule 30(d) to terminate or limit the examination if it were actually in progress and I think that it is also a proper basis for a motion for an order for the protection of the deponent under 30(b), which is in substance what the present proceeding is.

■ It will be noted that Rule 30(d) in imposing restrictions recognizes that the mere fact that a deponent may be annoyed, embarrassed, or oppressed by the necessity of giving evidence is not sufficient to move the Court to limit the scope of the inquiry. The deponent has no redress unless the annoyance, embarrassment or oppression will be unreasonable.

Specifically, Philco's objection arises from the fact that it is a competitor of Zenith (at the present time sharing the Ford business with Zenith) and that the disclosure of the prices at which it sold to Ford during the period in question would give Zenith information from which cost, etc., might be deduced, and would thus annoy, embarrass, or oppress Philco—unreasonably, because, first, the evidence is irrelevant to the issue, and, second, Zenith can get the same information from Ford.

■ Of course, one thing which would make even very slight incovenience to the deponent unreasonable and entitle him to be protected against it would be that there was no occasion whatever for it—that it could be of no benefit to the party seeking the testimony. It is impossible for this Court to say what weight the evidence if produced would have in determining the question whether Zenith's loss of the license was the thing which induced Ford to switch its business from Zenith to Philco. But it cannot be now decided that the evidence would have no weight or that it would be wholly irrelevant to that issue. In view of the general rule that the degree of relevancy of evidence sought is a problem for the trial court and not the auxiliary court, I think it can be safely said that, unless it plainly appears that the evidence can have no possible bearing upon the issue, the degree of its probative value cannot be considered as an element in determining whether the embarrassment to the deponent is unreasonable or not.

As to the second reason, both sides agree that a subpoena like the one asked for here could be served upon Ford and that the information sought could be obtained from Ford. Ford might or might not object that the disclosure would be unreasonably annoying to it, but would probably have less ground to do so than Philco.

However, Zenith, in view of its present business relations with Ford, does not want to subject Ford to this proceeding. Philco knows that Zenith does not wish to do this. The fact is that the only hope that Philco has of keeping its prices from Zenith is that Zenith by reason of its present situation with Ford will drop the whole matter rather than pursue it against Ford.

■ Philco does not contend that it is entitled to the privilege accorded trade secrets. It is difficult to see how the disclosures having to do with prices for a period which ended nearly four years ago can do Philco very much harm from any point of view. However, even if it could, compelling a witness to disclose information which a number of other people have and from any of whom the party asking the facts could get the whole story cannot be said to be unreasonably oppressive. Nor do I think that the further fact that the deponent happens to be in a strategic position which may cause the party to desist altogether rather than seek the information from the other person affects the legal rights of the parties. The party who has to produce the evidence should not be limited in his choice among a number of sources by the fact that the witness whom he selects would prefer to have him go somewhere else or has reason to think that it may result in his giving up the quest if he is compelled to go somewhere else.

The subpoena may issue.

■ The petition asks for books, records, etc., in rather broad terms. The subpoena will be limited to the production of books and records showing three things only:

1. The number of radio sets sold by Philco to Ford during the period in question,

2. The type and construction of the sets sold, and

3. The prices at which they were sold.

This order may also be taken as limiting the depositions to the three matters mentioned.