## UNITED STATES v. TINKOFF.

### No. 8785.

Circuit Court of Appeals, Seventh Circuit.

Dec. 4, 1945.

Rehearing Denied Feb. 15, 1946.

Paysoff Tinkoff, of Chicago, Ill., for appellant.

J. Albert Woll, Bernard H. Sokol, U. S. Atty., and Francis J. McGreal, Asst. U. S. Atty., all of Chicago, Ill., for appellee.

Before EVANS, MAJOR, and KERNER, Circuit Judges.

MAJOR, Circuit Judge.

Appellant seeks a review of two orders entered by the District Court. The first, entered on October 23, 1944, denied the petition of appellant that a subpoena duces tecum issue directed to the Attorney General of the United States and the United States Attorney for the Northern District of Illinois, Eastern Division. This subpoena was sought by appellant in order to perpetuate their testimony in support of appellant's Petition for writ of error coram nobis. The second order, entered January 18, 1945, denied the motion of appellant to appoint an impartial physician to examine a witness whose failure to appear was excused upon an affidavit of his personal physician. This witness' testimony was sought to substantiate allegations made in appellant's above mentioned petition.

At the outset, we are confronted with the problem of whether these orders are of such finality so as to be appealable. By virtue of 28 U.S.C.A. § 225, we are authorized to "review by appeal * * * final decisions." The appealability of these orders was not controverted by the parties, but it is our duty to make this determination irrespective of whether the parties have raised the issue.

We have previously held in National Nut Co. of California v. Kelling Nut Co., et al., 7 Cir., 134 F.2d 532, 533, that "it is perfectly clear that a refusal to issue a subpoena duces tecum or a refusal to quash one already issued is not an appealable decision. Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L. Ed. 783." See also opinion of this court in United States ex rel. Harrington v. Schlotfeldt, 7 Cir., 136 F.2d 935, 940. We must, therefore, decide that the order denying the petition for a subpoena duces tecum is not appealable.

We are of the opinion that the order relative to the appointment of a physician to make an impartial examination of a witness is one which is wholly within the discretion of the trial judge. The order is but one step in the trial and clears the way for orderly judicial procedure. It does not determine the rights of the parties so as to end the litigation. Obviously such an order is not a final decision.

Since the orders appealed from are not final decisions within the meaning of 28 U.S.C.A. § 225, this appeal must be dismissed. It is so ordered.