Jacob E. **SACKS**, d/b/a Cleenz Chemical Company, Plaintiff,

v.

The **FRANK H. LEE COMPANY**, Defendant.

United States District Court
S. D. New York.
Oct. 5, 1955.

3. F.R.Civ.P. 13(h).

4. F.R.Civ.P. 54(b).

Rubel & Silverman, New York City, for plaintiff.

Hahn & Golin, New York City, for defendant.

SUGARMAN, District Judge.

In three actions removed to this court from the Supreme Court, New York County, plaintiff, Jacob E. Sacks d/b/a Cleenz Chemical Company, sues The Frank H. Lee Company (1) for goods sold and delivered, (2) for storage charges and (3) for a balance on open account.

By motion No. 70(a) plaintiff seeks an order pursuant to F.R.Civ.P. 30(b), 28 U.S.C.A., restraining the defendant in its taking of the deposition on oral examination of plaintiff from inquiring into the secret formulae and trade and business secrets of the plaintiff.

The information sought to be elicited from plaintiff deals with the items comprising his cost of manufacture of the goods sold to defendant. Plaintiff's attorney's affidavit in support of the motion states

"Furthermore if the defendant is permitted to pry into these records of plaintiff it will force the plaintiff to disclose his secret formulas for the various products in question. If plaintiff is forced to disclose what ingredients he has purchased, he has been forced to show what ingredients are in the products. A chemical analysis by defendant of the products would fail to determine all the chemicals originally put into the products because some of these chemicals disappear in combination with the others in the product. They merely act as catalysts, which iniate [sic] or accellerate [sic] chemical action of the combining ingredients."

■ This is an utterly insufficient showing that the testimony sought will betray any secrets. The hearsay statements of an attorney do not persuade the court on so technical a question as plaintiff raises.

Plaintiff's motion No. 70(a) is denied.

■ Defendant moves (motion No. 117) for an order under F.R.Civ. P. 37 directing plaintiff to answer questions propounded to him which he has refused to answer. These questions deal with plaintiff's cost of manufacture of the goods sold to defendant. Their relevancy to the issues is beyond question. Plaintiff's opposition to the granting of this motion on the ground of "trade secrets"

**502**

is without merit for the reason set forth in the discussion of motion No. 70(a).

Defendant's motion No. 117 is granted.

██ Defendant also moves for an order pursuant to F.R.Civ. P. 34 directing plaintiff to permit defendant to inspect, photograph and obtain samples of certain designated property of defendant's on plaintiff's premises. These items are goods processed for and sold to defendant by plaintiff but which have not yet been delivered. Upon the argument plaintiff agreed to supply samples and allow inspection of the premises which would include measurement of the area occupied by the goods. No good cause has been shown to permit photographing.

Defendant's motion No. 118 is granted to the extent herein indicated.

Settle order on notice.