**HORIZONS TITANIUM CORPORA-TION, Appellant,**

v.

**NORTON COMPANY, Appellee.**

No. 5764.

United States Court of Appeals
First Circuit.

Heard March 8, 1961.

Decided May 5, 1961.

Herbert P. Kenway, Boston, Mass., with whom Kenway, Jenney, Witter & Hildreth, Boston, Mass., and Pennie, Edmonds, Morton, Barrows & Taylor, Washington, D. C., were on brief, for appellant.

James E. Mrose, Boston, Mass., with whom Robert L. Thompson, Boston, Mass., Allan R. Redrow, Worcester, Mass., and Dike, Thompson, Bronstein & Mrose, Boston, Mass., were on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

In 1959 the Commissioner of Patents dismissed a patent application in interference on the ground that after execution by the inventor counsel had made certain alterations therein not shown to be "immaterial or harmless." In order to challenge the propriety of this action Horizons Titanium Corporation, the applicant's apparent successor in interest,

instituted a mandamus proceeding in the United States District Court for the District of Columbia against the Commissioner of Patents and the Secretary of Commerce. A motion to dismiss for failure to state a claim was filed therein and denied. Thereafter, properly invoking the procedures of Rule 45(d), Fed. R.Civ.P., 28 U.S.C., Horizons obtained from the Clerk of the United States District Court for the District of Massachusetts two subpoenas duces tecum addressed to the president and an employee of Norton Company, appellee herein. These subpoenas required the production of a copy of the other patent application involved in the interference proceeding, copies of all correspondence with the United States Patent Office concerning it, and copies of all papers relating to its ownership. Neither Norton nor its summoned employee are parties to the proceeding pending in the District of Columbia, but the employee was a party to the original interference and Norton is the alleged owner of the application involved. Norton filed in the court below a motion to quash the subpoenas, or for a protective order to prevent disclosure of trade secrets, or, in the alternative, for a stay order.

In support of its motion Norton filed a memorandum of law interspersed with unverified assertions of fact, plus an appendix setting out, inter alia, the two opinions of the Commissioner of Patents of which Horizons is complaining. In addition, it filed an affidavit of its general counsel to the effect that he is "speaking for the president" of Norton; that the documents subpoenaed "relate to trade secrets, secret processes, developments, research, and inventions of Norton Company which are confidential and to the best of my personal knowledge and belief have never been publicly disclosed"; and further stating that to the best of his knowledge and belief Norton did not possess any information relevant to the proceedings pending in the District of Columbia. Copies of the pleadings in the District of Columbia were not of-

fered by movant. The court entered an order quashing the subpoenas, and Horizons appeals.

This matter first came to our attention as the result of a motion by appellee to dismiss the appeal for lack of jurisdiction. That motion appeared on its face to want merit, but because it was supported by authority from another circuit, we reserved decision until final argument. Admittedly, as neither 28 U.S.C. § 1292(a) nor 28 U.S.C. § 1292(b), dealing with interlocutory orders, is involved here, we have no jurisdiction unless the court's order was a "final decision" within the meaning of 28 U.S.C. § 1291. In Palmer v. Fisher, 7 Cir., 1956, 228 F.2d 603, certiorari denied 351 U.S. 965, 76 S.Ct. 1030, 100 L.Ed. 1485, Fisher obtained from the United States District Court for the Northern District of Illinois a subpoena duces tecum for the purpose of taking the deposition of one Pierce in aid of an action pending in the Southern District of Florida. Pierce, who was not a party to the Florida proceeding, obtained from the Illinois district court an order quashing the subpoena, suppressing the deposition and requiring Fisher to deliver to the court for destruction that portion of the deposition which had already been taken. On appeal, Pierce moved to dismiss for lack of jurisdiction on the ground that the order of the district court was not a final decision. The court said, at page 607, of 228 F.2d,

"If the order suppressing the deposition could not now be appealed, it could not be effectively appealed at all. This case is especially strong because the main proceeding is in a different circuit. If the Court of Appeals for the Fifth Circuit did decide that the deposition was improperly quashed and destroyed, it would have no power to correct the error."

With this we are in complete accord. But we are correspondingly at a loss to see how the Fifth Circuit would have had power to correct in any way an improper quashing of the subpoena by the

Illinois district court. The Seventh Circuit, however, refused to apply the same reasoning to the ruling on the subpoena. Instead, it purported to distinguish this part of the order in the second half of one sentence: "The same is, of course, true as to the order quashing the subpoena, *but another subpoena could always be obtained.*" *Ibid.* (Ital. suppl.)

What the court meant by this was not elucidated. We can hardly think that an order of a district court quashing a subpoena lacks finality simply because the movant remains free to start all over again. Must he seek a ruling from each of the judges composing the bench of the particular district? Appellee seeks to meet this absurdity by saying that "of course [what the court meant was that appellant] would require more favorable *reasons* and *circumstances* to obtain what it seeks, rather than a more favorable district judge." (Ital. in orig.) Assuming that this was what the court had in mind, and that a second application would not be precluded by principles of res judicata, cf. Restatement, Judgments §§ 61–63 (1942); Developments in the Law—Res Judicata, 1952, 65 Harv.L.Rev. 818, 824–27, 835, 836 & n. 121, it would be a singular rule that a decision on certain facts and circumstances lacks the finality necessary for an appeal simply because appellant could start over again by alleging other facts and circumstances which might produce a different result.

Possibly the Palmer case may have rested less on its stated distinction than on the court's belief that any other result was precluded by well-settled prece-

dents. The court referred to cases "holding that an order granting or denying a subpoena or a motion to quash a subpoena is interlocutory and not appealable (e. g., Cobbledick v. United States, [1940] 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783; National Nut Co. of California v. Kelling Nut Co., 7 Cir., [1943] 134 F.2d 532). We recognize this well established rule concerning subpoenas * * *." 228 F.2d at pages 605–606. In fact, however, neither Cobbledick nor National Nut involved a denial of a subpoena or a *granting* of a motion to quash one. Both held unappealable a *denial* of a motion to quash.[1] In National Nut, as the court there pointed out, the denial of the motion to quash left the unsuccessful party with a later opportunity to assert his rights. Cf. Cobbledick, and cases cited. The difference between that circumstance and the present is emphasized by the caution expressed in Cobbledick, "Due regard for efficiency in litigation must not be carried so far as to deny all opportunity for the appeal contemplated by the statutes." 309 U.S. at page 329, 60 S.Ct. at page 543. Compare Swift & Co. Packers v. Compania Colombiana del Caribe, 1950, 339 U.S. 684, 688–689, 70 S.Ct. 861, 94 L.Ed. 1206, with Cushing v. Laird, 1882, 107 U.S. 69, 2 S.Ct. 196, 27 L.Ed. 391. See also Mosseller v. United States, 2 Cir., 1946, 158 F.2d 380, 383.

The appealability of orders cannot be decided by rote. It is not the fact that the order below dealt with a motion to quash a subpoena duces tecum that is controlling, or, perhaps, not even that the motion was granted.[2] Nor does it make any difference that the court's ac-

---

1. National Nut did contain the same unsupported overstatement. The court, however, does not seem disposed to draw a distinction between a holding and a dictum on this subject, see United States v. Tinkoff, 7 Cir., 1946, 153 F.2d 106, 107, certiorari denied 329 U.S. 740, 67 S.Ct. 56, 91 L.Ed. 638, even when reliance on the dictum leads to Palmer's illogic. See also the language in Thomas French & Sons v. International Braid Co., 1 Cir.,

1945, 146 F.2d 735, 737, which must be read in context.

2. We, of course, are not passing on the appealability of an order granting a motion to quash where the subpoena had been directed to a party to the main action, or where the court passing on the motion was in the same district as the court considering the main action. See, e. g., United States v. Tinkoff, 7 Cir.,

tion was not a final judgment in the usual sense. What is critical is whether the party unsuccessfully seeking the subpoena has any other means of obtaining review. Cf. Swift & Co. Packers v. Compania Colombiana del Caribe, supra; United States v. Cefaratti, 1952, 91 U.S. App.D.C. 297, 202 F.2d 13, 15–16, certiorari denied 345 U.S. 907, 73 S.Ct. 646, 97 L.Ed. 1343. Here the order of the district court made a final disposition of the only proceedings in its district growing out of a particular controversy, and the only proceeding pending between these particular parties anywhere. It cannot be said to lack finality either because it was ancillary to some other proceeding in another district, or because before some other district judge, or on some other set of facts, a different decision might have been made. The motion to dismiss for lack of jurisdiction must be denied.

Before we turn to the merits, there is a procedural matter. Since the district court wrote no opinion, and made no findings of fact or conclusions of law, we do not know what influenced it to quash the subpoenas, or the particular ground on which it acted. Its failure to make findings was presumably in reliance upon Rule 52(a), which concludes with the statement that findings "are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b)." Appellant argues that, in spite of this language, findings of fact and conclusions of law should have been made. As a matter of principle, we might agree.[3] In their absence we find ourselves in the position of reviewing either an exercise of discretion or a ruling of law without knowing which, and without knowing what facts the court found or rejected. This places upon an appellant a burden which should not be necessary, and which in some instances might unfairly mean the difference between success and failure on appeal.[4] However, in this case it does not, for we can find nothing in the record, however construed, to support the decision.

■ Appellee, relying on the Federal Rules of Civil Procedure, urges essentially three reasons for affirmance: (1) the material sought is irrelevant; (2) requiring appellee to produce it would be oppressive; (3) it contains secret or confidential information. The subpoena duces tecum was issued under the authority of Rule 45(d) (1). This rule refers over to Rule 26(b) for the

1946, 153 F.2d 106, certiorari denied 329 U.S. 740, 67 S.Ct. 56, 91 L.Ed. 638; cf. Cogen v. United States, 1929, 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275.

3. Appellant's argument is based upon the claim that the court's order was not merely the decision of a motion, but was a final judgment. However, the logic underlying its position would equally apply to any motion where there is a resolution of a factual issue which might be crucial to the correct decision. Professor Moore's analysis suggests that this latter might actually be the intent of the rule. See 5 Moore, Federal Practice ¶ 52.08 (2d ed. 1951). Rules 12 and 56, on the one hand, and Rule 41(b), on the other, illustrate, generally speaking, motions that do and motions that do not present questions of fact. Professor Moore contends that a meaningful reading of Rule 52(a) as a whole discloses that it is the presence or absence of a

fact question which should dictate applicability. The prior case law, on which the rule makers apparently relied, seems to draw just such a distinction. See King v. Wall & Beaver Street Corp., 1944, 79 U.S.App.D.C. 234, 145 F.2d 377, 380–381; Thomas v. Peyser, 1941, 73 App.D.C. 155, 118 F.2d 369, 374. We suggest the last sentence of the rule is either poorly phrased, or is too broad as a matter of substance.

4. Suppose, in its mind, a court resolved facts in favor of appellant, and then, in its mind, made an erroneous ruling against appellant. On appeal, nothing appears. If it was not error for the court to have articulated no findings or rulings, there is no way open to appellant to show an error of law. For all the reviewing court would know, the facts may have been found against appellant, which would have made the ultimate decision correct.

scope of the examination permitted, and incorporates the safeguards to the deponent provided in Rules 45(b) and 30(b). Appellee fails to note, however, that the latter rule requires an application to "the court in which the action is pending," and not to the court where the deposition is sought to be taken. Cf. Rule 30(d). Its contentions based upon Rule 30(b) must be disregarded. Rule 26(b) provides that the deponent may be examined "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action * * *. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence." This rule apparently envisions generally unrestrictive access to sources of information, and the courts have so interpreted it. Broadway & Ninety-Sixth Street Realty Co. v. Loew's Incorporated, D.C.S.D.N.Y.1958, 21 F.R.D. 347, 352; Miller v. Sun Chemical Corp., D.C.D.N.J.1952, 12 F.R.D. 181; Drake v. Pycope, Inc., D.C.N.D.Ohio 1951, 96 F. Supp. 331; Kaiser-Frazer Corp. v. Otis & Co., D.C.S.D.N.Y.1951, 11 F.R.D. 50, 53, reversed on other grounds, 2 Cir., 1952, 195 F.2d 838, certiorari denied 344 U.S. 856, 73 S.Ct. 89, 97 L.Ed. 664; Brewer v. Hassett, D.C.D.Mass.1942, 2 F.R.D. 222; see Hickman v. Taylor, 1947, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451. Local courts whose only connection with a case is the supervision of the taking of depositions ancillary to an action elsewhere should be especially hesitant to pass judgment on what constitutes relevant evidence thereunder. See Application of Zenith Radio Corp., D.C.E.D.Pa. 1941, 1 F.R.D. 627, 630; cf. Dowagiac

Mfg. Co. v. Lochren, 8 Cir., 1906, 143 F. 211; Grinnell Co. v. National Bank of Far Rockaway, D.C.E.D.N.Y.1941, 2 F.R. D. 116, 117. With these considerations in mind, we find unsupportable appellee's claim "that relevance is lacking." Indeed, it is difficult to understand on what basis the court could have contemplated any decision on this issue. No testimony was taken, or questions asked, so that the exact nature of the expected evidence could not have been predicted. It is even questionable whether the court considered any aspect of the foreign pleadings.[5] We rule as a matter of law that the court could not accept an affidavit of counsel that, to the best of counsel's belief, appellee possessed no relevant evidence. This would be altogether too facile a way for a witness to avoid testifying.

■■ We turn to appellee's alternative contention that relevance is not the only criterion for quashing a subpoena, and that the court's decision finds support in the safeguards provided in Rule 45(b) (1). Appellee argues that the rule permits a court to "quash or modify" a subpoena which is "unreasonable and oppressive." For reasons already noted, however, there is a particularly heavy burden upon a deponent [6] to make a substantial showing in support of a motion to quash as contrasted to some more limited protection. See 5 Moore, Federal Practice 1722 (2d ed. 1951); 4 Moore, op. cit. supra, at 2025 (2d ed. 1950). Particularly this must be so with respect to relief asked before the deposition even commences. In connection with a subpoena duces tecum the list of documents may of itself indicate unreasonableness or oppression. See, e. g., In the Matter

5. It is true that Horizons, in opposition to the motion, filed a memorandum of counsel which purported to set forth five of thirty-two paragraphs of the complaint, and the answers thereto. Significantly, appellee, which did not supply the pleadings itself, contends that this memorandum is not appropriately part of the the record, and should be stricken as being argument, only, and not proper proof of the factual content. We will not assume that its position below was any different.

6. Appellee seeks to impose the burden of showing "good cause" upon Horizons, citing Rule 34. This rule is not relevant.

of the Grand Jury Investigation (General Motors Corp.), D.C.S.D.N.Y.1959, 174 F. Supp. 393. But see, e. g., Demeulenaere v. Rockwell Mfg. Co., D.C.S.D.N.Y.1952, 13 F.R.D. 134. There was no extensive list here. Moreover, although the notice to take depositions was not limited to the documents sought to be produced, and Horizons has stated it had no such limitation in mind, appellee obtained relief both as to the "documents" and the "appearance" of the witnesses. The court's order on either score could not be justified by the mere fact that appellee is a competitor. Cf. Shawmut, Inc. v. American Viscose Corp., D.C.S.D.N.Y.1951, 11 F.R.D. 562, 566. Concededly, it is burdensome to give testimony and to furnish documents relating to private or business matters, and the more so if the information sought redounds to the advantage of a legal or commercial opponent. But this is not "oppression" within the meaning of the rules. See Goldberg v. Raleigh Manufacturers, Inc., D.C.D.Mass.1939, 28 F.Supp. 975, 977. Appellee must produce more than generalizations. The sensitivity of a witness who anticipates embarrassment and oppression from any question that might be phrased, is one too delicate to be recognized.

Appellee also argues that "the material sought would involve appellee's trade secrets, secret processes, developments, or research." Assuming that this objection falls within the scope of "unreasonable and oppressive," it is not here a ground for quashing the entire subpoena. We might observe, moreover, that even on a motion to limit, this claim is not necessarily a bar to legitimate inquiry. See Sacks v. Frank H. Lee Co., D.C.S.D.N.Y.1955, 18 F.R.D. 500; Melori Shoe Corp. v. Pierce & Stevens, Inc., D.C.D.Mass.1953, 14 F.R.D. 346, affirmed 1 Cir., 1957, 249 F.2d 305; Nekrasoff v. United States Rubber Co., D.C.S.D.N.Y. 1939, 27 F.Supp. 953, 955; cf. Shawmut, Inc. v. American Viscose Corp., supra.

Judgment will be entered vacating the order to quash the subpoenas.