Gideon ARIEL and Irving I.
Dardik, Plaintiffs,

U.S. Olympic Committee,
Petitioner-Appellee,

v.

Arthur JONES, an individual and d/b/a
Nautilus Sports/Medical Industries,
Defendant-Appellant.

No. 80–5589
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Dec. 16, 1982.

Brigham & Brigham, Dana P. Brigham, Miami, Fla., for defendant-appellant.

Ronald T. Rowan, Colorado Springs, Colo., for petitioner-appellee.

Before HILL, KRAVITCH and HENDERSON, Circuit Judges.

PER CURIAM:

Appellant, Arthur Jones, is the defendant/counter-plaintiff in a civil action currently pending in the United States District Court for the Middle District of Florida. In connection with discovery in this action, Jones initiated the present action by causing the clerk for the United States District Court for the Southern District of Florida to issue a subpoena duces tecum to be served on the United States Olympic Committee's agent, C.T. Corporation, in Miami, Florida. The Olympic Committee is not a party to the action pending in the middle district of Florida.

On June 19, 1980, the Olympic Committee filed a motion to quash the subpoena issued by the southern district court. On July 10, 1980 the district judge issued an order granting the Olympic Committee's motion to quash the subpoena. The court found "that it would be burdensome and unfair to require the petitioner, a federally chartered corporation with virtually no contacts with this state, to produce the documents requested and to be deposed in this judicial district over litigation occurring outside this district." This appeal followed.

Before addressing the merits of the parties' contentions, we must determine whether this court can properly exercise jurisdiction over this case. An order quashing a subpoena is not a final judgment in the usual sense. *Horizons Titanium Corp. v. Norton Co.*, 290 F.2d 421 (1st Cir.1961). Consequently a discovery order incident to a pending action is generally not subject to appeal. *Honig v. E.I. duPont de Nemours & Co.*, 404 F.2d 410 (5th Cir.1968). However, "[i]f a court in one district quashes a subpoena or otherwise denies discovery from a person not a party to the action and the action is pending in a different district, the order is a final disposition of the only proceeding in that district concerning the controversy and the party seeking discovery may appeal." 8 C. Wright and A. Miller, Federal Practice and Procedure § 2006 (1970); *see National Life Insurance Co. v. Hartford Accident and Indemnity Co.*, 615 F.2d 595 (3d Cir.1980); *Republic Gear Co. v. Borg-Warner Corp.*, 381 F.2d 551 (2d Cir. 1967); *Gladrow v. Weisz*, 354 F.2d 464, 466 (5th Cir.1965); *Horizons Titanium Corp.*, 290 F.2d at 424. In the case at bar, the Olympic Committee is not a party to the central action between Ariel, Dardik, and Jones and that action is pending in another district. The district court's order quashing the subpoena was a final disposition of all issues pending before it and was not merely a step toward final disposition of the merits. *See National Life Insurance Co. v. Hartford Accident and Indemnity Co.*, 615 F.2d 595 (3d Cir.1980). Jones has no other means of effectively obtaining review. Consequently, we hold that this court possesses appellate jurisdiction over the present appeal.

Jones contends that the district judge erred in quashing the subpoena argu-

ing that the Olympic Committee's agent for service of process in Miami effectively possessed control of the documents sought by the subpoena. We disagree. Federal Rule of Civil Procedure 45(b) allows a court to "quash or modify the subpoena if it is unreasonable and oppressive." Courts have held that they will reverse such an order to quash only for abuse of discretion. *Dart Industries Co. v. Westwood Chemical Co.,* 649 F.2d 646, 648 (9th Cir.1980); *Premium Service Corp. v. Sperry & Hutchinson Co.,* 511 F.2d 225, 229 (9th Cir.1975).

> Such abuses must be unusual and exceptional; we will not merely substitute our judgment for that of the trial judge. A judge abuses his discretion only when his discretion is based on an erroneous conclusion of law or where the record contains no evidence on which he rationally could have based that decision.

*Premium Service Corp.,* 511 F.2d at 229 (citations and footnote omitted).

In the case at bar, the district judge did not abuse his discretion in quashing the subpoena. The Olympic Committee is required by law to maintain an agent for service of process in every state. 36 U.S.C. § 381 (Supp. IV 1980). This requirement does not impose an obligation on the Olympic Committee to produce documents in any state upon service of subpoena. In *Cates v. LTV Aerospace Corp.,* 480 F.2d 620 (5th Cir.1973), the court held that discovery rules cannot be used to require a non-party to produce documents in the custody of the head of the organization located in another judicial district. Consequently, the mere presence in the southern district of Florida of an agent for the service of process does not require the district court to enforce the subpoena in that district.

Federal Rule of Civil Procedure 45 governs the territorial limitations regarding where depositions are to be taken or where documents are to be produced.[1] In view of these limitations, "[i]t often happens that in an action in one district, discovery is sought from a witness resident in another and outside the reach of process of the court of the former, making it necessary to have recourse to the district court in the district of the witness's residence for the issuance and enforcement of a subpoena." 4 J. Moore & J. Lucas, Moore's Federal Practice ¶ 26.83[5] (2d ed.1982). Such is the situation in the case at bar. Had the district court premised its quashing of the subpoena solely on the volume and the cumbersomeness of the documents involved, we would be presented with a different situation.[2] *See United States v. American Optical Co.,* 39 F.R.D. 580, 587 (N.D.Cal.1966); *Miller v. Sun Chemical Corp.,* 12 F.R.D. 181 (D.N.J. 1952). The central question in this appeal therefore revolves on the degree of control required to impose an obligation to produce the documents pursuant to Rule 45 in the southern district of Florida.

In *In Re North American Acceptance Corp.,* 21 F.R.Serv.2d 612 (N.D.Ga.1975), the district court addressed the question of "whether the territorial limitations imposed by F.R.Civ.P. 45(d)(2) apply to protect a nonparty corporation, served with a subpoena in a district outside of the state of its principal business, when the subpoena calls for the production in that district of documents located at its principal offices...." *Id.* at 614–615. The court concluded:

> A corporation may not realistically be considered fungible everywhere it does

---

1. A resident of the district in which the deposition is to be taken may be required to attend an examination only in the county wherein he resides or is employed or transacts his business in person, or at such other convenient place as is fixed by an order of court. A nonresident of the district may be required to attend only in the county wherein he is served with a subpoena, or within 40 miles from the place of service, or at such other convenient place as is fixed by an order of court.

   Fed.R.Civ.P. 45(d)(2).

2. The record indicates that Jones initially sought a subpoena from the United States District Court for the District of Colorado seeking essentially the same documents that are the subject matter of the case at bar. The Colorado district court, after Jones' motion to withdraw the subpoena, apparently held open the court file in the event of future subpoenae. The record therefore implies that Jones can in fact obtain the requested information in another district.

business. Therefore, even positing that this court has personal jurisdiction ..., it is unreasonable to assume that these appellants' local offices "control" all documents kept at their respective corporate headquarters .... In the absence of such control, therefore, even the existence of personal jurisdiction in this court is insufficient to create jurisdiction over the documents which are outside of the district.

*Id.* at 617. Similarly, in the case at bar C.T. Corporation does not "control" the documents sought by Jones. The documents are located at the Olympic Committee's headquarters in Colorado Springs. In view of the minimal contacts of the Olympic Committee with the southern district of Florida, this lack of control, and Jones' apparent ability to obtain the documents through another federal district court, we hold that the district court did not abuse its discretion in quashing the subpoena. We therefore,

AFFIRM.