In re SUBPOENA SERVED on the **CALIFORNIA PUBLIC UTILITIES COMMISSION.**

**SOUTHERN CALIFORNIA EDISON COMPANY, a California corporation, and San Diego Gas & Electric Company, a California corporation, Plaintiffs,**

and

California Public Utilities Commission, Respondent-Appellee,

v.

**WESTINGHOUSE ELECTRIC CORPORATION, Defendant-Appellant.**

**SOUTHERN CALIFORNIA EDISON COMPANY, a California corporation; San Diego Gas & Electric Company, a California corporation, Plaintiffs,**

v.

**WESTINGHOUSE ELECTRIC CORPORATION, a Pennsylvania corporation, Defendant-Appellant,**

and

California Public Utilities Commission, Respondent-Appellee.

Nos. 85–2454, 86–1562.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 14, 1986.

Decided April 3, 1987.

James W. Quinn, New York City for defendant-appellant.

Harvey Y. Morris, San Francisco, Cal., for respondent-appellee.

Before KENNEDY and BOOCHEVER, Circuit Judges, and STEPHENS, Jr.,* District Judge.

BOOCHEVER, Circuit Judge:

The Southern California Edison Company (Edison) and the San Diego Gas and Electric Company (S.D. Gas), both California corporations, filed identical actions against Westinghouse Electric Company (Westinghouse), a Pennsylvania corporation, that were consolidated in the United States District Court for the Central District of California. Both Edison and S.D. Gas are public utilities regulated by the California Public Utilities Commission (CPUC). Edison and S.D. Gas claim that steam generators designed, manufactured and installed in the San Onofre Nuclear Generating Station No. 1 by Westinghouse were defective and that Westinghouse engaged in fraudulent conduct concerning these defects. Westinghouse counterclaimed alleging abuse of process by Edison and S.D. Gas.

Westinghouse contends that Edison and S.D. Gas have ulterior motives in filing and pursuing their action that have nothing to do with court awarded damages. Westinghouse's theory is that in order for Edison and S.D. Gas to keep their rate increases set by the CPUC, Edison and S.D. Gas had to file and vigorously pursue the underlying action. As part of its pretrial discovery, Westinghouse served a subpoena, issued by the United States District Court for the Northern District of California, upon the CPUC for the production of documents and deposition of the CPUC staff. The CPUC filed a motion to quash the subpoena and for a protective order. After hearing arguments and reviewing **in camera** the documents in question, the northern district court granted the motion to quash and issued a protective order. The northern district court subsequently awarded costs of the prior subpoena hearing to the CPUC. Westinghouse appeals both orders.

We hold that the orders are not final within the meaning of 28 U.S.C. § 1291. Accordingly, we dismiss the appeal.

### Jurisdiction on Appeal

We, sua sponte, raised the issue of appellate jurisdiction and requested both parties to argue this jurisdictional issue. Our concern was that the orders by the district court granting the motion to quash the subpoena and the sanction order were not within the purview of 28 U.S.C. § 1291 final judgment doctrine. Because Westinghouse's challenge to the order quashing the subpoena is based upon the same facts as Westinghouse's opposition to the sanction order our decision will control the appealability of both orders. We are presented with a jurisdictional issue of first impression in this circuit falling between a nonappealable interlocutory order issued by the district court having jurisdiction over the

---

* Honorable Albert Lee Stephens, Jr., Senior United States District Judge, Central District of California, sitting by designation.

main action and the appealability of an interlocutory order issued by a district court of a different circuit from the district court where the case was filed. The jurisdictional question boils down to whether we can review an interlocutory order issued by a district court other than the court where the case is filed, when both courts belong to the same circuit. The parties unite in contending that we have jurisdiction over these appeals by virtue of 28 U.S.C. § 1291: "[t]he courts of appeals ... shall have jurisdiction of appeals from all **final** decisions of the district courts of the United States." (emphasis added).

In determining the finality requirement of section 1291, the Supreme Court stated that

> [f]inality as a condition of review is an historic characteristic of federal appellate procedure. It was written into the first Judiciary Act and has been departed from only when observance of it would practically defeat the right to any review at all. Since the right to a judgment from more than one court is a matter of grace and not a necessary ingredient of justice, Congress from the very beginning has, by forbidding piecemeal disposition on appeal of what for practical purposes is a single controversy, set itself against enfeebling judicial administration. Thereby is avoided the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment.

*Cobbledick v. United States,* 309 U.S. 323, 324–25, 60 S.Ct. 540, 541, 84 L.Ed. 783 (1940) (footnotes omitted). The Court, however, warns that "[d]ue regard for efficiency in litigation must not be carried so far as to deny all opportunity for the appeal contemplated by the statutes." *Id.* at 329, 60 S.Ct. at 543 (footnote omitted).

██ Determining the appealability of an interlocutory order involves considering the main purpose of the finality requirement of 28 U.S.C. § 1291 to "combine in one review all stages of the proceedings that effective-

ly may be reviewed and corrected if and when final judgment results." *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). Embodied in the finality requirement is "a strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals." *United States v. Nixon,* 418 U.S. 683, 690, 94 S.Ct. 3090, 3099, 41 L.Ed.2d 1039 (1974). Nevertheless, the Supreme Court has pointed out that a section 1291 "final" decision does not necessarily mean that the last possible order allowable must be issued in a case before appellate review. *Gillespie v. United States Steel Corp.,* 379 U.S. 148, 152, 85 S.Ct. 308, 310, 13 L.Ed.2d 199 (1964). Indeed, the Court recognizes that there exist marginal cases falling within the "twilight zone" of section 1291 finality that require courts to give "a practical rather than a technical construction" of the finality rule. *Gillespie,* 379 U.S. at 152, 85 S.Ct. at 311 (quoting *Cohen,* 337 U.S. at 546, 69 S.Ct. at 1225). Such orders emanating from this zone are appealable when an appellate court balances the competing considerations of "the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other" in favor of appeal. *Gillespie,* 379 U.S. at 152–53, 85 S.Ct. at 311 (quoting *Dickinson v. Petroleum Conversion Corp.,* 338 U.S. 507, 511, 70 S.Ct. 322, 324, 94 L.Ed. 299 (1950)); *Premium Serv. Corp. v. Sperry & Hutchinson Co.,* 511 F.2d 225, 227 (9th Cir.1975). Even before *Gillespie* the Court enunciated in *Cohen* and subsequent cases the "collateral order" rule for determining whether an order comes within the small class of decisions excepted from the final judgment rule of section 1291. The collateral order doctrine requires that an order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the main action and (3) be unreviewable on appeal from a final judgment. *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978); *Abney v. United States,* 431 U.S. 651, 658, 97 S.Ct. 2034, 2039, 52

L.Ed.2d 651 (1977); *Cohen,* 337 U.S. at 546, 69 S.Ct. at 1225. Westinghouse's appeal meets the first two criteria. The order of the District Court for the Northern District of California, arising from the only proceeding before that court, conclusively determined Westinghouse's right to subpoena the CPUC. The critical issue, however, revolves around the third criterion of the collateral order doctrine, whether Westinghouse, as the party unsuccessfully seeking the subpoena, has any other means of obtaining review.

 The general rule is that orders regarding discovery, including sanction orders, are normally deemed interlocutory and reviewable only on appeal from a final judgment. *United States v. Nixon,* 418 U.S. 683, 690–91, 94 S.Ct. 3090, 3098–99, 41 L.Ed.2d 1039 (1974); *Newton v. National Broadcasting Co., Inc.,* 726 F.2d 591, 592 (9th Cir.1984); *Pflocks v. Firestone Tire & Rubber Co.,* 634 F.2d 1215, 1216 (9th Cir. 1980). Appellate review of such orders is allowed only in a "limited class of cases where denial of immediate review would render impossible any review whatsoever of an individual's claims." *Nixon,* 418 U.S. at 691, 94 S.Ct. at 3099 (quoting *United States v. Ryan,* 402 U.S. 530, 533, 91 S.Ct. 1580, 1582, 29 L.Ed.2d 85 (1971)). If the district court which granted the CPUC's motion to quash the subpoena was the same court in which the main action was pending, Westinghouse could seek review of that order when it appealed the final judgment. Until the entry of a final judgment, any review of the order would be interlocutory and we would dismiss the appeal for lack of jurisdiction. *Louie v. Carnevale,* 443 F.2d 912 (9th Cir.1971). Similarly, if the district court denied a nonparty's motion to quash, the nonparty could obtain review only by electing to ignore the subpoena and appeal the ensuing contempt citation. Until a contempt citation is issued as a final judgment in the contempt proceeding, we lack jurisdiction to review the order.[1] *Ryan,* 402 U.S. at 532, 91 S.Ct. at 1581; *Cobbledick,* 309 U.S. at 324, 330, 60

S.Ct. at 543. An exception to the general rule arises, however, when a subpoena is issued by a district court in favor of a nonparty in connection with a case pending in a district court of another circuit. We held in *Premium Serv.* that in these circumstances the order is reviewable before final judgment. *See also CF & I Steel Corp. v. Mitsui & Co.,* 713 F.2d 494, 496 (9th Cir.1983). Premium Service was engaged in litigation in Minnesota and served a subpoena duces tecum in California on an individual named Scott who was not a party to the Minnesota litigation. The district court granted in part Scott's motion to quash the subpoena and Premium Service appealed. We stated that the normal

> avenues for appeal are absent where a California district court grants a motion to quash a subpoena relating to litigation pending in a Minnesota court. The Minnesota court has no jurisdiction over Scott, and so Premium Service cannot challenge the California order when it appeals from the Minnesota final judgment. Nor will the California court conduct any further enforcement proceeding resulting in a "final" adjudication from which Premium Service could appeal. Congressional desire to avoid piecemeal appeal does not dictate that we foreclose Premium Service from all effective appellate review of an order having a potentially important impact on its conduct of the Minnesota litigation.

*Premium Service,* 511 F.2d at 228. In essence, Premium Service had no other means of effectively obtaining review. Accordingly, we held that we had jurisdiction to review that order.

 Westinghouse asks us to create another exception to the rule of nonappealability of discovery orders. Specifically, they ask us to hold that an order quashing a subpoena in favor of a nonparty, granted by a district court other than the court in which the case is filed but located in the same circuit, is "final" for the purposes of 28 U.S.C. § 1291. The Eleventh Circuit

---

1. The requirement that a nonparty must be in contempt of court in this situation is a serious matter and serves to illustrate the strictness in applying the final judgment rule. *See Cobbledick,* 309 U.S. at 327–28, 60 S.Ct. at 542–43.

and the Federal Circuit have recognized such an exception. After close review of their decisions, we decline to follow the Eleventh and Federal Circuits and refuse to create the exception that the parties seek.

The Eleventh Circuit held in *Ariel v. Jones*, 693 F.2d 1058 (11th Cir.1982), that it could review an order quashing a subpoena served on a nonparty to a main action pending in another district of the circuit. Jones was the defendant in a civil action filed in the United States District Court for the Middle District of Florida. During discovery, Jones caused the clerk for the United States District Court for the Southern District of Florida to issue a subpoena duces tecum against a nonparty. The nonparty filed a motion to quash the subpoena, which was granted. The Eleventh Circuit held it had jurisdiction to hear the appeal of the order quashing the subpoena. In concluding that it had jurisdiction over the appeal, the court cited 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2006 (1970), for the proposition that

> [i]f a court in one district quashes a subpoena or otherwise denies discovery from a person not a party to the action and the action is pending in a different district, the order is a final disposition of the only proceeding in that district concerning the controversy and the party seeking discovery may appeal.

*Ariel*, 693 F.2d at 1059. The court then cited *National Life Ins. Co. v. Hartford Accident and Indem. Co.*, 615 F.2d 595 (3d Cir.1980) (review of a denial of a motion to compel discovery from a nonparty in the Third Circuit relating to an action pending in the Fifth Circuit); *Republic Gear Co. v. Borg-Warner Corp.*, 381 F.2d 551 (2d Cir.

1967) (review of a denial of a motion to compel discovery in the Second Circuit relating to an action pending in the Seventh Circuit); *Gladrow v. Weisz*, 354 F.2d 464, 466 (5th Cir.1965) (review of an order requiring discovery of a nonparty in the Fifth Circuit relating to a pending action before a board of patent interferences of the United States Patent Office); *Horizons Titanium Corp. v. Norton Co.*, 290 F.2d 421 (1st Cir.1961) (review of an order granting a motion to quash a subpoena in the First Circuit relating to an action pending in the District of Columbia Circuit), as authority supporting the proposition. *Ariel*, 693 F.2d at 1059. The opinion, however, overlooks a basic distinction between the controversy it addressed and the cited authorities. All of the cases cited by the court and the cases cited by the treatise [2] involve situations in which the order quashing the subpoena or otherwise denying discovery was issued by a district court located outside the jurisdiction of the court of appeals in which the case was filed. Under 28 U.S.C. § 1294, appeals from reviewable decisions of a district court must be taken "to the court of appeals for the circuit embracing the district." The cited authorities recognized that on appeal from the principal action, the parties could not obtain review of the applicable discovery order because the district court issuing the order was located outside the jurisdiction of the appellate court reviewing the main action. *National Life Ins.*, 615 F.2d at 597; *Republic Gear*, 381 F.2d at 554. In *Republic Gear*, the court recognized the resulting impracticality of denying appellate review of an order denying discovery issued in a jurisdiction beyond that of the main action. The court stated that in these circumstances

---

**2.** In addition to the cases previously cited, the treatise cites in support of its proposition *Baker v. F & F Investment*, 470 F.2d 778 (2d Cir.1972) (review of a denial to compel discovery in the Second Circuit relating to an action pending in the Seventh Circuit), *cert. denied*, 411 U.S. 966, 93 S.Ct. 2147, 36 L.Ed.2d 686 (1973); *In re Surety Ass'n of Am.*, 388 F.2d 412 (2d Cir.1967) (review of an order denying a motion to compel a nonparty to comply with a subpoena duces tecum issued in the Second Circuit relating to a case pending in the Ninth Circuit); *Carter Prods.*

*Inc. v. Eversharp, Inc.*, 360 F.2d 868 (7th Cir. 1966) (review of a denial to compel answers at a deposition and the production of documents sought by subpoena duces tecum in the Seventh Circuit relating to a patent infringement suit pending in the Ninth Circuit); *Westinghouse Elec. Corp. v. City of Burlington*, 351 F.2d 762 (D.C.Cir.1965) (review of an order quashing a subpoena duces tecum in the District of Columbia Circuit crucial to actions pending in other jurisdictions).

the party seeking discovery would have no effective remedy; even if the appellate court in the jurisdiction in which discovery is sought awaited a final decision in the main proceeding before acting at all it would be necessary to return to the ancillary appellate court to argue the discovery issue. And if, upon appeal, the party were successful in reversing the lower court's order and thus obtained discovery, he would be required to go back to the court where the main case had already been tried, and there, with the discovered evidence now admissible on the merits, move to retry the case. *Republic Gear*, 381 F.2d at 554. The Second Circuit limited its decision to situations "only when a witness is beyond the jurisdictional reach of the court in which the main proceeding is pending." *Id.* If the appellate court did not allow the appeal, the party challenging the order would have effectively lost any appellate review of that order. Hence, the third requirement of the *Cohen* collateral order doctrine was met in *Republic Gear*. In *Ariel*, however, the district court that quashed the subpoena and the district court where the main action was pending were both embraced by and subject to Eleventh Circuit review. On appeal from the main proceedings the Eleventh Circuit could have directed the southern district court to issue the discovery order. Because the court in *Ariel* could have reviewed the order on appeal from the main action, the third requirement of *Cohen*, that the order must be "unreviewable on appeal from a final judgment," was not met. We cannot agree with the statement that there was no other means of reviewing the order and consequently that there was jurisdiction over the appeal. The Eleventh Circuit had the power to correct the order of the southern district on appeal from a final judgment from the middle district. Generally, review of a final order in a case encompasses all interlocutory orders over which the appellate court has jurisdiction.

*See* 28 U.S.C. §§ 1291, 1294, 2106; *Sackett v. Beaman*, 399 F.2d 884, 889 n. 6 (9th Cir.1968). It is only when the appellate court lacks jurisdiction over the interlocutory order that there is any reason to consider this exception to the finality rule permitting such appeal in the circuit embracing the district court that issued the order. Accordingly, we respectfully decline to follow the rule of the Eleventh Circuit because we find the reasoning and authority offered to support it unpersuasive.

The parties also cite *Heat and Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017 (Fed.Cir.1986), as authority for our ability to take jurisdiction over this appeal. In *Hester*, a patent owner in connection with patent infringement litigation pending before the District Court for the Northern District of California sought discovery in the District Court for the Northern District of West Virginia from a nonparty who allegedly had infringed the patent. The West Virginia district court quashed the subpoena and the patent owner appealed to the Federal Circuit.[3] The court concluded that because the California district court lacked jurisdiction over the patent infringer, the patent owner could not challenge the West Virginia district court's action on appeal from the California district court's final judgment. Thus, the court held that the order quashing the subpoena met all three requirements of the *Cohen* test. The court then addressed whether the result should have been different because the Federal Circuit was the same appellate court that would have jurisdiction over an appeal on the merits from the California district court. The court stated that

[p]rior to creation of the Federal Circuit, an order by the West Virginia district court quashing a subpoena for discovery would have been appealable to the Fourth Circuit, as is now the procedure where the order is not related to a patent

---

**3.** Jurisdiction rests in the Federal Circuit by virtue of 28 U.S.C. § 1295. The pertinent language of section 1295 is identical to the language found in 28 U.S.C. § 1291, which covers appeals from the geographical circuits. Section 1295 states that "[t]he United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction—(1) of an appeal from a final decision of a district court of the United States ... if the jurisdiction of that court was based ... on section 1338 [patent cases]."

infringement case. Because such an order is appealable as a final disposition of the only proceeding in the ancillary court, we are satisfied that it does not matter that the Federal Circuit is the same appellate court that would possess jurisdiction over an appeal from the California district court's final action on the merits. The California court has no jurisdiction over Hester, a nonparty to the main infringement action, and Heat & Control has no other means of effectively obtaining review than by appealing the West Virginia court's order, necessarily to this court. Thus, the West Virginia court's order is appealable and this court possesses jurisdiction to hear it.

*Hester*, 785 F.2d at 1021. The court justified its jurisdiction over the appeal based on the fact that the order would be appealable to the Fourth Circuit had the order not been related to a patent infringment case. The court does not provide any in-depth analysis to support its conclusion that "it does not matter that the Federal Circuit is the same appellate court that would possess jurisdiction over an appeal from the California district court[ ]." *Id.* Further, the court did not address whether, after final judgment on the merits, it had the power to remand the case to the California district court and then order the West Virginia district court to permit discovery of the nonparty. If the court did have this power, the third requirement of the collateral order doctrine, that the order must be "unreviewable on appeal from a final judgment," was not met. *Coopers & Lybrand*, 437 U.S. at 468, 98 S.Ct. at 2458. In the case before us, we hold that on an appeal from a final judgment of the United States District Court for the Central District of California, we can review the northern district court's order and direct the northern district court to allow discovery. Thus, we decline to follow the reasoning of the Federal Circuit.

Before we can dismiss this appeal for lack of jurisdiction, we must look at this appeal in light of the Supreme Court's expansive reading of finality in the case of *Gillespie v. U.S. Steel Corp.*, 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964). *See*

*Premium Service*, 511 F.2d at 227–28. In *Gillespie*, petitioner, whose son died while working on respondent's ship, sued to recover damages for herself and the decedent's brother and sisters for wrongful death under the Jones Act, general maritime law, and the Ohio wrongful death statute. The district court held that the Jones Act supplied the exclusive remedy and struck all reference to the decedent's brother and sisters. Petitioner appealed and respondent moved to dismiss on grounds of a lack of finality under 28 U.S.C. § 1291. The court of appeals determined the controversy without deciding the appealability of the order. The Supreme Court granted certiorari and pointed out that

in deciding the question of finality the most important competing considerations are "the convenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other." Such competing considerations are shown by the record in the case before us. It is true that the review of this case by the Court of Appeals could be called "piecemeal"; but it does not appear that the inconvenience and cost of trying this case will be greater because the Court of Appeals decided the issues raised instead of compelling the parties to go to trial with them unanswered.... Moreover, delay of perhaps a number of years in having the brother's and sisters' rights determined **might work a great injustice on them, since the claims for recovery for their benefit have been effectively cut off so long as the District Judge's ruling stands.**

*Gillespie*, 379 U.S. at 152–53, 85 S.Ct. at 310–11 (citations omitted and emphasis added). Further, the Court stated that contrary to its usual practice it would review rulings "fundamental to the further conduct of the case." *Gillespie*, 379 U.S. at 153, 85 S.Ct. at 311 (quoting *United States v. General Motors Corp.*, 323 U.S. 373, 377, 65 S.Ct. 357, 359, 89 L.Ed. 311 (1945)).

We note, however, that the Court's decision in *Gillespie* must be sparingly used. The exercise of appellate jurisdiction in *Gil-*

*lespie* was based upon the unique circumstances of the case: (1) the case was a "marginally final order," (2) "disposed of an unsettled issue of national significance," (3) review "implemented the same policy Congress sought to promote in § 1292(b)," and (4) the finality issue was not presented to the Supreme Court until argument on the merits, thereby ensuring that policies of judicial economy would not be served by remanding the case with an important unresolved issue. *Coopers & Lybrand,* 437 U.S. at 477 n. 30, 98 S.Ct. at 2462 n. 30. The pragmatic finality doctrine is limited to the circumstances of *Gillespie* in the context of section 1291 appeals. To extend the doctrine beyond the facts of *Gillespie* would render the section 1291 finality requirement useless. *Id.* We find that the facts presented here do not fall within the purview of *Gillespie* and thus do not warrant our exercising jurisdiction over this appeal.

It may be argued that the district court in which the case was filed would have to try the case subject to an order issued by a different district court with which it disagreed. That circumstance, however, is present any time that more than one judge rules in a case. It constitutes no valid reason to disregard the finality requirement of section 1291. It is well settled that if the order to quash the subpoena came from the District Court for the Central District of California where the main action was filed instead of the District Court for the Northern District of California, the order would be viewed as an interlocutory order and nonappealable. *See Louie,* 443 F.2d 912. We do not think that the result should be any different because of the happenstance of CPUC being subject to subpoena in the northern district rather than the central district of California. The congressional mandate against piecemeal litigation clearly prohibits such an action. Finality is the test of appealability. *Coopers & Lybrand,* 437 U.S. at 472, 98 S.Ct. at 2459. Because we can review both the order to quash the subpoena and the sanction order after a final judgment from the District Court for the Central District of

California, we dismiss this appeal for lack of jurisdiction.

**DISMISSED.**