**Blanche Faye CRAFTON, Plaintiff,**

v.

**U.S. SPECIALTY INSURANCE COMPANY, Defendant.**

No. 4:02CV00336 GH.

United States District Court, E.D. Arkansas, Western Division.

Sept. 30, 2003.

Patrick J. Hagerty, Maurice B. Graham, Thomas K. Neill, Gray, Ritter & Graham, P.C., St. Louis, MO, Neil Chamberlin, Bond & Chamberlin, Jacksonville, AR, for Plaintiff.

David M. Donovan, Watts, Donovan & Tilley, P.A., Gregory T. Jones, Wright, Lindsey & Jennings, Little Rock, AR, for Defendants.

### ORDER

HOWARD, District Judge.

On December 19th, plaintiff filed a motion to compel information from Liberty Mutual Insurance that was the subject of a subpoena. By letter dated April 1st, plaintiff advised the Court that she was withdrawing that motion since Liberty Mutual has represented that it has produced all information in its possession which plaintiff had sought.

Also pending before the Court are two motions, filed by plaintiff on December 20th and March 13th, to compel information—Clifton Crafton's insurance coverage, his personnel and health records and records concerning his fatal crash and the investigation of that crash—from Schneider National Carriers, Inc. In the first motion, plaintiff states that Schneider has argued that some of the records—its crash investigation records—subpoenaed are protected by the work product rule and that the subpoena must be served at its home office in Green Bay, Wisconsin, instead of through its agent for service of process here in Arkansas. Plaintiff argues that a subpoena may be served on the agent for a corporation even if the records are located in another jurisdiction if the corporation has sufficient minimum contacts with the forum. She also contests that Schneider has not shown entitlement to protection under the work product rule. The second motion asserts that the central issue is whether the plaintiff is entitled to an "occupational disease" benefit under an insurance policy covering her husband who died of a heart attack which she contends was caused by his occupation as a long haul truck driver which included long hours and persistent stress and so she has subpoenaed production of trip logs, dispatch records and other records which should show the number of hours worked by Clifton. Plaintiff continues that Schneider has objected that providing the information sought would be extraordinary expensive and time-consuming, that the information sought is protected by the work product rule and that Schneider can only be subpoenaed in Wisconsin, but has declined to state what records are available or what the burdens of producing them are, declined to produce a deponent under Rule 30(b)(6) to address those subjects, has not articulated a basis for why the records are protected under the work product rule, and can be served with a subpoena in any jurisdiction where it has minimum contacts as here.

Schneider filed a response to these motions on April 29th that it is not party to this lawsuit and, although Clifton was a driver who performed services for Schneider as an independent contractor, Schneider had no direct knowledge of or stake in this lawsuit. It continues that its principal offices are in Green Bay, Wisconsin where it maintains records of its independent contractors and while it maintains an agent for service of process in Arkansas, that agent is neither a general agent nor a corporate officer nor does he control any of the documents referred to or requested by plaintiff. Schneider states that to the extent that any records pertaining to Clifton exist within its control, they would be located in Green Bay, Wisconsin—not Arkansas—and are not in the hands of its agent for service of process in Arkansas. Schneider distinguishes the authority

relied upon by plaintiff as involving a corporation that was the subject of the legal proceedings whereas it discusses cases that a court cannot order a non-party located outside its jurisdiction to produce documents to plaintiff's counsel's office located within a court's jurisdiction and that courts have observed that the discovering party still has a remedy since the plaintiff can go to the district where the witness resides for the issuance and enforcement of a subpoena—the option Schneider has repeatedly suggested to plaintiff's attorney and pledged to cooperate with any proper subpoena issued out of a court having jurisdiction over its Green Bay offices.

The Court finds that the reasoning in the following excerpt from *Echostar Communications Corp. v. News Corp. Ltd.,* 180 F.R.D. 391, 396–397 (D.Colo.1998) is applicable here:

> Echostar states that it has served its subpoenas upon registered agents for Cox and GE Americom here in Colorado. Echostar argues that because the Court has jurisdiction over these non-parties, the Court possesses the power to enforce the subpoenas, and order the parties to comply with them. However, simply because this Court has jurisdiction over the non-parties does not make this Court the most appropriate forum for either issuance or enforcement of subpoenas. *Ariel v. Jones,* 693 F.2d 1058, 1060 (11th Cir.1982).

> The appropriate question to ask is the question posed by the Eleventh Circuit in *Ariel v. Jones:* whether the agent for service of process possesses "the degree of control" over the documents which would make it appropriate to enforce a subpoena over a corporation from a court in one state, when the corporation's documents are located in another state. *Id.* at 1060. The Court quoted from a district court opinion, and held:

>> "[E]ven positing that this court has personal jurisdiction ..., it is unreasonable to assume that these appellants' local offices 'control' all documents kept at their respective corporate headquarters.... In the absence of such control, therefore, even the existence of personal jurisdiction in this court is insufficient to create jurisdiction over the documents which are outside of the district."

> *Id.* at 1061.

> Echostar notes that Rule 45 was amended in 1991. However, the amendments did not affect the discretion of the trial court to quash a subpoena if the court finds that the subpoena imposes an "undue burden" upon the subpoenaed party. Fed.R.Civ.P. 45(c)(3)(A)(iv). I have been presented with no evidence with regard to the degree of control over discovery materials which may be exercised by the registered agents for Cox and GE Americom here in Colorado. I assume, however, that the persons with the most significant control are located in the states where the documents are located. In these circumstances, I find that it is burdensome to expect Cox and GE Americom to either litigate the validity of the subpoena here in Colorado, or to produce the documents here in Colorado.

> The Rule requires that subpoenas "shall" issue from the court for the district in which the production or inspection is to be made. Fed.R.Civ.P. 45(a)(2). Echostar did not comply with the mandates of this rule, and failed to obtain the issuance of subpoenas from the states where production of materials were to be obtained from Cox and GE Americom. I find that the subpoenas which were issued upon Cox and GE Americom are invalid.

> See also, *Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.,* 2 F.3d 1397, 1406 (5th Cir.1993) ("We agree with Fox that a federal court sitting in one district cannot issue a subpoena *duces tecum* to a non-party for the production of documents located in another district. Cf. *In re Guthrie,* 733 F.2d 634, 637 (4th Cir.1984).").

Accordingly, plaintiff's motion (# 17) to compel information from Liberty Mutual Insurance has been rendered moot and plaintiff's motion (# 18) to compel information from Schneider is denied.