## MICRO MOTION INCORPORATED, Plaintiff–Appellee,

v.

## EXAC CORPORATION, Defendant–Intervenor,

v.

## SMITH METER, INCORPORATED, Appellant.

### No. 89–1099.

United States Court of Appeals, Federal Circuit.

June 1, 1989.

Jesse J. Jenner, Fish & Neave, New York City, argued, for plaintiff-appellee. With

him on the brief were David J. Lee, Christa Hildebrand and John O. Tramontine. Seymour Rothstein, Allegretti & Witcoff, Chicago, Ill., of counsel.

Andrew J. Cornelius, Alder Cohen & Grigsby, P.C., of Pittsburgh, Pa., argued, for appellant. With him on the brief, was Alan P. Kass.

### ORDER

Before MARKEY, Chief Judge, and NIES and BISSELL, Circuit Judges.

NIES, Circuit Judge.

Smith Meter, Incorporated, seeks reversal of an order issued by the United States District Court for the Western District of Pennsylvania, Erie Division, Misc. No. 732, denying its motion to quash a subpoena.[1] We conclude that Smith Meter has not established that the district court's order is appealable. Accordingly, Smith Meter is ordered to show cause why the appeal should not be dismissed.

### I

Micro Motion Incorporated sued Exac Corporation in the Northern District of California for infringement of its patents relating to Coriolis mass flowmeters. A jury returned a verdict of noninfringement; however, the district court set aside that verdict and granted Micro Motion a new trial. *Micro Motion, Inc. v. Exac Corp.*, 686 F.Supp. 789, 5 USPQ2d 1957 (N.D.Cal. 1987). Micro Motion then sought additional discovery. In particular, it sought information concerning the business of each of five other competitors in the Coriolis mass flowmeter market, one of which is Smith Meter, a company located in Erie, Pennsylvania. Micro Motion had Smith Meter subpoenaed by the District Court for the Western District of Pennsylvania to appear for deposition and to produce documents and physical things relating to the configuration and operation of each type or model of Smith Meter's flowmeters; the amount of its sales; the names of its customers; evidence of deficiencies or malfunctioning of

its flowmeters, including customer complaints; comparisons of Smith Meter's flowmeters with those of Micro Motion or Exac; and other matters relating to Smith Meter's business.

Smith Meter moved the district court in Pennsylvania to quash the subpoena. It sought to prohibit the discovery of its confidential business information which it argued has no legal relevancy to the California litigation. Smith Meter is not a party to that suit or any other related litigation; has not been charged with infringement by Micro Motion; and apparently has no business dealings with either litigant. Micro Motion responded that, if it succeeds in its infringement suit against Exac Corporation, the information it seeks could be relevant to its recovery of lost profits as damages, whether or not Smith Meter is also an infringer. Smith Meter asks this court to reverse the district court's denial of its motion to quash.

The extent to which information on a non-party's competing product is relevant and discoverable on the issue of damages in a patent suit is a novel and important question. However, *sua sponte*, this court raises the following jurisdictional issue: Whether an order which *denies* a motion to quash a subpoena directed to a non-party, to obtain evidence for use in a pending action, is an appealable order where the order is entered by a court other than the court in which the action is pending.

### II

As this court has stated, "the initial inquiry in any appeal is whether the court to which appeal is taken has jurisdiction to hear the appeal." *Woodard v. Sage Products, Inc.*, 818 F.2d 841, 844, 2 USPQ2d 1649, 1651 (Fed.Cir.1987) (in banc). Thus, even though the parties urge us to take jurisdiction, it is incumbent on this court to determine if this court is acting within its jurisdictional mandate.

Congress has granted the United States appellate courts jurisdiction over only "fi-

---

**1.** The district court issued a series of orders in connection with this motion. For purposes of this opinion, we deem the court's order of September 26, 1988, to be dispositive.

**1576**

nal decisions" of federal district courts. *See* 28 U.S.C. §§ 1291 and 1295(a)(1) (1982). The "finality" rule has a salutary effect. It lessens interruptions in the orderly progress of a suit by eliminating delays incident to fragmentary appeals, and it brings the matter as a whole before the appellate court. *See United States v. Nixon*, 418 U.S. 683, 690, 94 S.Ct. 3090, 3098, 41 L.Ed.2d 1039 (1974); *see also* 9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice* ¶ 110.07 (2d ed. 1989); R. Stern, *Appellate Practice in the United States*, ch. 4.1 at 77–79 (2d ed. 1989).

Smith Meter has asserted in its brief, and Micro Motion does not challenge, that this appeal falls within the scope of the decision of this court in *Heat & Control, Inc. v. Hester Industries, Inc.*, 785 F.2d 1017, 228 USPQ 926 (Fed.Cir.1986). There, a discovery order in an ancillary proceeding was held final and, thus, appealable. *Id.* at 1021–22, 228 USPQ at 929. In *Heat & Control*, a party who was the plaintiff in patent litigation in a district court in California sought discovery by subpoenaing a non-party company located in West Virginia. The latter moved to quash the subpoena in the West Virginia district court, and the motion was granted. The granting of the motion to quash in an ancillary proceeding uniformly is held to be final and appealable, and this court so held.[2] If an appeal from the order *quashing* the subpoena in such proceeding in a different court were not deemed final, there would be no effective means of review for the party seeking discovery. The matter is not reviewable in an appeal of the main proceeding, and there is nothing further the party seeking discovery can do to obtain an appealable order. *See Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1209, 2 USPQ2d 1034, 1036 (Fed.Cir.1987); *accord Solarex Corp. v. Arco Solar Inc.*, 870 F.2d 642, 643, 10 USPQ2d 1247, 1248 (Fed.Cir. 1989);[3] *Ariel v. Jones*, 693 F.2d 1058, 1059 (11th Cir.1982); *National Life Ins. Co. v. Hartford Accident & Indem. Co.*, 615 F.2d 595, 597 (3d Cir.1980); *Republic Gear Co. v. Borg-Warner Corp.*, 381 F.2d 551, 554 (2d Cir.1967); *Horizons Titanium Corp. v. Norton Co.*, 290 F.2d 421, 422–24 (1st Cir. 1961); *see also* 9 J. Moore, *supra*, ¶ 110.13[2] at 157. However, the situation is not the same where a motion to quash a subpoena is *denied* in an ancillary proceeding.

The nonappealability of orders requiring the production of evidence from witnesses has long been established. In *Alexander v. United States*, 201 U.S. 117, 26 S.Ct. 356, 50 L.Ed. 686 (1906), a court order directed witnesses to testify and produce documents before a special examiner appointed in a civil antitrust action pending in another district. After refusing to comply with the order, the witnesses were granted relief by the appellate court. The Supreme Court held that the order directing the witnesses to testify and produce documents was interlocutory and could be challenged by the witnesses only upon an appeal from an adjudication of contempt. In that regard the Court stated:

> In a certain sense finality can be asserted of the orders [compelling production] under review, so, in a certain sense, finality can be asserted of any order of a court. And such an order may coerce a witness, leaving to him no alternative but to obey or be punished. It may have the effect and the same characteristic of finality as the orders under review, but from such a ruling it will not be contended there is an appeal. Let the court go further and punish the witness for contempt of its order, then arrives a right of review, and this is adequate for his protection without unduly impeding the progress of the case.... This power to punish being exercised the matter becomes personal to the witness and a

**2.** It was also held to be appealable to this court under *Heat and Control*, 758 F.2d at 1021–22, 228 USPQ at 929, rather than to the regional circuit, as a proceeding ancillary to a suit in which the jurisdiction of the district court was based on 28 U.S.C. § 1338. *Cf.* 28 U.S.C. § 1295(a)(1).

**3.** In *Solarex*, the opinion broadly states that "a ruling" in such ancillary proceeding is deemed final. That statement is correct only where, as in *Solarex*, the motion to quash is granted.

judgment as to him. Prior to that the proceedings are interlocutory in the original suit.

*Id.* at 121–22, 26 S.Ct. at 358. In accordance with that decision, the Supreme Court has repeatedly held that an order denying a motion to quash, or an order compelling testimony or production of documents, is not final and, hence, is not appealable regardless of how the matter is raised. *See, e.g., United States v. Ryan,* 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971) (district court order denying a motion to quash a grand jury subpoena requiring the production of records was not final and appealable); *Cobbledick v. United States,* 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940) (district court order denying a motion to quash a subpoena requiring document production and testimony before a grand jury not final and appealable). Likewise, in the well-known case of *United States v. Nixon,* 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974), involving documentary evidence in the form of tapes, the Court acknowledged the usual rule against appealability in advance of contempt, but stated that:

> [T]he traditional contempt avenue to immediate appeal is peculiarly inappropriate due to the unique setting in which the question arises. To require a President of the United States to place himself in the posture of disobeying an order of a court merely to trigger the procedural mechanism for review of the ruling would be unseemly, and would present an unnecessary occasion for constitutional confrontation between two branches of the Government.

*Id.* at 691–92, 94 S.Ct. at 3099. *Accord United States v. Anderson,* 464 F.2d 1390 (D.C.Cir.1972) (order compelling testimony interlocutory and not appealable—appellate review available only after adjudication of contempt); *In re Benjamin,* 582 F.2d 121 (1st Cir.1978) (order compelling appearance before grand jury to testify and bring records not appealable—review conditional upon contempt citation); *National Super Spuds, Inc. v. New York Mercantile Exch.,* 591 F.2d 174 (2d Cir.1979) (order directing deponent to answer questions held not appealable—issues would be appealable with

appeal of contempt adjudication); *Borden Co. v. Sylk,* 410 F.2d 843 (3d Cir.1969) (order directing non-party deponent to answer questions held not appealable); *United States v. (Under Seal),* 748 F.2d 871, 873 n. 2 (4th Cir.1984) (noting general rule that denial of motion to quash, without resisting subpoena and being held in contempt, is not appealable), *vacated on other grounds,* 471 U.S. 1001, 105 S.Ct. 1861, 85 L.Ed.2d 155 (1985); *Honig v. E.I. duPont de Nemours & Co.,* 404 F.2d 410 (5th Cir. 1968) (order requiring additional deposition not appealable); *In re Grand Jury Proceedings–Gordon,* 722 F.2d 303 (6th Cir. 1983) (noting general rule that order compelling testimony or denying a motion to quash a grand jury subpoena is not appealable before a contempt citation which becomes an appealable order), *cert. denied,* 467 U.S. 1246, 104 S.Ct. 3524, 82 L.Ed.2d 831 (1984); *Ryan v. Commissioner,* 517 F.2d 13 (7th Cir.) (order compelling response to interrogatories not appealable before contempt citation), *cert. denied,* 423 U.S. 892, 96 S.Ct. 190, 46 L.Ed.2d 124 (1975); *Gialde v. Time, Inc.,* 480 F.2d 1295 (8th Cir.1973) (discovery order compelling response to interrogatories and imposing no sanctions or penalties was not an appealable final order); *Lampman v. United States Dist. Ct. for the Cent. Dist. of Cal.,* 418 F.2d 215 (9th Cir.1969) (order denying motion to quash subpoena to appear and produce documents is not final and appealable), *cert. denied,* 397 U.S. 919, 90 S.Ct. 926, 25 L.Ed.2d 100 (1970); *FTC v. Alaska Land Leasing, Inc.,* 778 F.2d 577 (10th Cir.1985) (order compelling witness to testify upon oral deposition and to produce documents was not final and appealable where witness neither refused to comply nor submitted to contempt; holding *Covey Oil Co. v. Continental Oil Co.,* 340 F.2d 993 (10th Cir.), *cert. denied,* 380 U.S. 964, 85 S.Ct. 1110, 14 L.Ed.2d 155 (1965), no longer viable after *United States v. Ryan,* 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971)); *see also* 9 J. Moore, *supra,* ¶ 110.13[2].

We are mindful of the harshness inherent in requiring a witness to place themself in contempt to create a final appealable

decision. *See* R. Stern, *supra*, at 99–101. However, it is all too certain that the consequences of recognizing a *right* to appeal all orders refusing to quash a subpoena, even where such an order "ends" ancillary proceedings against a non-party, would be to "constitute the courts of appeals as second-stage motion courts reviewing pretrial applications of all non-party witnesses alleging some damage because of the litigation." *Borden v. Sylk*, 410 F.2d at 846. Thus, the courts, with rare exceptions, have opted to require that the contempt route be followed. As Judge Friendly has stated, "[B]oth sides [to the discovery dispute] benefit from having a second look," *National Super Spuds*, 591 F.2d at 180, before determining whether the evidence ought to be pursued and, if pursued, whether its disclosure ought to be resisted. *See In re American Tobacco Co.*, 866 F.2d 552, 554 (2d Cir.1989).

Following hearing on this appeal, in which the matter of jurisdiction was raised, Smith Meter has brought to our attention the recent decision in *Smith v. BIC Corp.*, 869 F.2d 194, 10 USPQ2d 1052 (3rd Cir. 1989), and requested the opportunity to fully brief the reviewability of the issues at this time. In *BIC*, the Third Circuit, to which we look for guidance in this appeal,[4] stated:

> We have never held as a *blanket rule* that discovery orders are not appealable. Rather, we address each issue using two vehicles: the collateral order doctrine of *Cohen* [*v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)] and the petition for writ of mandamus.

*Id.* at 198, 10 USPQ2d at 1054 (emphasis added). In the *BIC* case, the Third Circuit held that the denial of a protective order was appealable where the district court had erroneously found the information sought to be protected was not defendant's trade secret.

Our ruling on finality does not include a *Cohen* analysis. Nor does our decision preclude Smith Meter from pursuing the possibilities of mandamus or seeking certification by the district court of a legal question in accordance with 28 U.S.C. § 1292(b) (1982 & Supp. V 1987). *See Herbert v. Lando*, 441 U.S. 153, 158, 99 S.Ct. 1635, 1639, 60 L.Ed.2d 115 (1979). We hold only that appealability has not been established on the aforementioned cited authority dealing with the grant of a motion to quash.

In view of the foregoing, IT IS ORDERED THAT:

(1) On or before June 21, 1989, Smith Meter is ordered to show cause why Appeal No. 89–1099 should not be dismissed for lack of jurisdiction.

(2) Any brief or memorandum of Micro Motion and Exac opposing or supporting jurisdiction shall be filed within ten days thereafter.

---

**4.** "This court has the duty to determine its jurisdiction and to satisfy itself that an appeal is properly before it. We may, of course, look for guidance in the decisions of the regional circuit to which appeals from the district court would normally lie, as well as those of other courts. However, our decision to follow another circuit's interpretation of a common jurisdictional statute results from the persuasiveness of its analysis, not any binding effect." *Woodard v. Sage Products, Inc.*, 818 F.2d 841, 844, 2 USPQ2d 1649, 1651 (Fed.Cir.1987) (in banc) (citation omitted).