899 F.2d 1227
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
MICRO MOTION INCORPORATED, Plaintiff-Appellee,
v.
EXAC CORPORATION, Defendant-Intervenor,
v.
SMITH METER, INCORPORATED, Appellant.
 No. 89-1099.
 United States Court of Appeals, Federal Circuit.
 Jan. 24, 1990.
 
 Before MARKEY, Chief Judge, and NIES and BISSELL, Circuit Judges.
 
 ORDER
 
 1
 Smith Meter, Incorporated sought to appeal from an order of the United States District Court for the Western District of Pennsylvania, Erie Division, Misc. No. 732, which denied its motion to quash a subpoena issued on behalf of Micro Motion Incorporated.
 
 
 2
 Sua sponte, this court raised the issue of its jurisdiction to decide the appeal. In view of Supreme Court precedent, and precedent of other Circuits, this court questioned whether Smith Meter's appeal was from a final order and thus appealable.[1] Specifically, in an order to show cause why the appeal should not be dismissed, the court queried "whether an order which denies a motion to quash a subpoena directed to a nonparty, to obtain evidence for use in a pending action is an appealable order where the order is entered by a court other than the court in which the action is pending." Micro Motion, Inc. v. Exac Corp., 876 F.2d 1574, 1575, 11 USPQ2d 1070, 1071 (Fed.Cir.1989). This court, however, acknowledged the possibility of review under the authority of Smith v. BIC Corp., 869 F.2d 194, 10 USPQ2d 1052 (3d Cir.1989). The Third Circuit there indicated that it had not held as a blanket rule that discovery orders were never reviewable; rather it considered the collateral order finality principles of Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949), to be applicable in appropriate circumstances as well as its authority to grant a petition for writ of mandamus. Id. at 198, 10 USPQ2d 1054. See, e.g., Rowley v. McMillan, 502 F.2d 1326 (4th Cir.1974); Bogosian v. Gulf Oil Corp., 738 F.2d 587 (3d Cir.1984); see generally 8 C. Wright & A. Miller, Federal Practice and Procedure, Sec. 2006 (1970 & Supp.1988).
 
 
 3
 In its supplemental brief, Smith Meter urges that the order denying its motion to quash should be deemed a final order under Cohen. Alternatively it asks this court to exercise its mandamus authority under the All Writs Act, 28 U.S.C. Sec. 1651(a) (1982). We do not find it appropriate to exercise jurisdiction in this appeal. In a related proceeding captioned Micro Motion Inc. v. Kane Steel Co., Appeal Nos. 89-1219, -1220, issued concurrently with this order, we have held that a similar subpoena targeted by Micro Motion against another nonparty competitor, Kane Steel, Co., must be quashed. That precedential decision provides guidance on the substantive questions raised here.[2] Therefore, we believe that the possibility of harm to Smith Meter has now been foreclosed by the Kane Steel ruling.
 
 
 4
 In view of the foregoing, IT IS ORDERED THAT:
 
 
 5
 (1) This appeal, No. 89-1099, shall be dismissed for lack of jurisdiction.
 
 
 6
 (2) Each party shall bear its own costs.
 
 
 
 [1]
 Usually a subpoenaed deponent must resist discovery, and, if the matter is pursued to contempt proceedings, an order holding a deponent in contempt is appealable. Micro Motion, Inc. v. Exac Corp., 876 F.2d 1574, 1576-77, 11 USPQ2d 1070, 1072-73 (Fed.Cir.1989)
 
 
 [2]
 Concurrently with this order and an opinion in Kane Steel, an order is issued dismissing an appeal involving Neptune Measurement Co., another nonparty competitor of Micro Motion, for the reasons stated herein