165 F.3d 1368
 49 U.S.P.Q.2d 1540
 CONNAUGHT LABORATORIES, INC., Plaintiff,
v.
SMITHKLINE BEECHAM P.L.C. and SmithKline Beecham
Corporation, Defendants-Appellees,
v.
U.S. Food & Drug Administration, Dr. Drusilla Burns, and Dr.
Michael Brennan, Subpoenaed Parties-Appellants.
 No. 98-1471.
 United States Court of Appeals,
Federal Circuit.
 Jan. 25, 1999.
 
 Richard L. Rainey, Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P., of Washington, DC, argued for defendants-appellees. With him on the brief were Donald R. Dunner, Susan H. Griffen, and Jeffrey B. Chasnow. Of counsel on the brief were Mark S. Brown, King & Spalding, of Washington, DC, and Zoltan Kerekes, SmithKline Beecham Corporation, of King of Prussia, Pennsylvania.
 John S. Koppel, Attorney, Appellate Staff, Civil Division, Department of Justice, of Washington, DC, argued for subpoenaed parties-appellants. With him on the brief were Frank W. Hunger, Assistant Attorney General, and William Kanter, Deputy Director, Appellate Staff.
 Before MAYER, Chief Judge, CLEVENGER and GAJARSA, Circuit Judges.
 MAYER, Chief Judge.
 
 
 1
 The United States Food and Drug Administration ("FDA") appeals the judgment of the United States District Court for the District of Delaware, 98-MC-24, which granted the motion of SmithKline Beecham P.L.C. and SmithKline Beecham Corp. ("SmithKline") to compel the FDA to comply with subpoenas requiring testimony from its employees. See Connaught Lab., Inc. v. Smithkline Beecham P.L.C., 7 F.Supp.2d 477 (D.Del.1998). Because this court lacks jurisdiction to consider an appeal of the non-final district court order to compel, we dismiss.
 
 Background
 
 2
 On September 16, 1997, Connaught Laboratories, Inc. sued SmithKline for infringement of its U.S. Patent No. 5,667,787 ("the '787 patent"). The '787 patent describes the purification of pertactin, an active ingredient in a type of pertussis vaccine. SmithKline argued that the '787 patent was unenforceable, invalid, and not infringed. In particular, SmithKline asserted that the FDA had performed scientific research on purified pertactin before April 4, 1990, the '787 patent's priority date.
 
 
 3
 In an attempt to prove this allegation, SmithKline filed a subpoena for documents describing the FDA's pertactin research, a request with which the FDA complied. Maintaining that the documents provided were not sufficient for its purposes, SmithKline also filed a request under 21 C.F.R. § 20.1 for testimony of FDA employees involved in the pertactin research, but the FDA refused to allow the testimony. In response to this denial, SmithKline served subpoenas on three FDA employees to elicit their testimony and filed a motion to compel compliance with the subpoenas in the United States District Court for the District of Delaware. The FDA moved to quash the subpoenas.
 
 
 4
 The district court granted SmithKline's motion to compel and denied the FDA's motion to quash. The FDA argued that the only avenue for challenging its refusal to permit its employees' testimony was pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 702-706 (1994) ("APA"), but the district court held that SmithKline was proceeding under the Federal Rules of Civil Procedure, not the APA. The court also rejected the FDA's argument that it is protected by sovereign immunity, holding that such immunity applies only in state court, not to subpoenas of a federal court to a federal agency. The FDA appeals the district court's grant of SmithKline's motion to compel testimony of FDA employees in a lawsuit to which the FDA is not a party.
 
 Discussion
 
 5
 Our jurisdiction is limited to review of "final decisions of district courts." See 28 U.S.C. §§ 1291, 1295(a)(1) (1994); Micro Motion, Inc. v. Exac Corp., 876 F.2d 1574, 1575-76 (Fed.Cir.1989). Consequently, "[t]he nonappealability of orders requiring the production of evidence from witnesses has long been established." Micro Motion, 876 F.2d at 1576 (citing Alexander v. United States, 201 U.S. 117, 121-22, 26 S.Ct. 356, 50 L.Ed. 686 (1906)). This finality rule is also applicable where discovery orders are made upon witnesses who are not parties to a suit. See id. Nonparties may secure review of a discovery order by refusing to comply with it and appealing a consequent contempt order, which is considered final. See id. at 1577-78. The FDA, however, argues that review is available without incurring a contempt charge through either the collateral order doctrine or a writ of mandamus.
 
 
 6
 In Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), the Supreme Court held that a class of decisions-- "collateral orders"--are exempt from the finality rule. Under Cohen, collateral orders are those that "conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and [are] effectively unreviewable on appeal from a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978) (citing Cohen, 337 U.S. at 546, 69 S.Ct. 1221); see also Heat & Control, Inc., v. Hester Indus., Inc., 785 F.2d 1017, 1020 (Fed.Cir.1986).
 
 
 7
 A writ of mandamus provides another path around the finality rule. But it may be used to overturn a district court order "only when there has been a clear abuse of discretion or usurpation of judicial authority in the grant or denial of the order." In re Regents of Univ. of Cal., 101 F.3d 1386, 1387 (Fed.Cir.1996). Moreover, "[t]he petitioner has the burden of establishing that its right to the issuance of the writ is clear and indisputable, and that it lacks adequate alternative means to obtain the relief sought." Id. (internal citation omitted).
 
 
 8
 The FDA's avenue of refusing to comply with the order and appealing a subsequent contempt citation is an "adequate alternative" that provides an "effective review" of the order. Its ability to secure review of the discovery order precludes application of either exception to the finality rule.
 
 
 9
 The FDA responds that the government should not have to take contempt to secure review of a discovery order. For that reason it says that effective review of the order is unavailable absent the collateral order doctrine or writ of mandamus, because to comply with the order to avoid contempt would make an appeal of the order, after final judgment of the underlying patent case, moot.
 
 
 10
 We do not share the FDA's concern over the controversy becoming moot. It is true we have held that requiring a final judgment to appeal discovery orders implicating protected material may be ineffective. See id.; see also In re Ford, 110 F.3d 954, 963-64 (3d Cir.1997); Rhone-Poulenc Rorer, Inc. v. Home Indem. Co., 32 F.3d 851, 861 (3d Cir.1994). But these decisions implicate privileges, such as attorney-client or work product, that would be irreparably harmed if the information in question were released prior to an appeal. The testimony sought here is not privileged and its release before final judgment will not prevent effective review of the order.
 
 
 11
 Nor do we agree with the FDA's contention that the government should not be required to risk a contempt charge in order to obtain review. While the Supreme Court held in United States v. Nixon, 418 U.S. 683, 691-92, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974), that the president could seek review of a discovery order without facing contempt, the situation here stands in stark contrast. In re Kessler, 100 F.3d 1015 (D.C.Cir.1997), denied the FDA Commissioner's petition for a writ of mandamus directing the district court to vacate its order authorizing his deposition, thereby rejecting his argument that he should not have to take contempt to seek review. The court observed that Nixon relied on the threat to the separation of powers implicated by holding the president in contempt, but that this concern did not apply to other executive officials. See id. at 1017 (citing Franklin v. Massachusetts, 505 U.S. 788, 800-01, 112 S.Ct. 2767, 120 L.Ed.2d 636 (1992)). "Contempt orders have been levied against executive branch officials and agencies without even so much as a hint that such orders offend separation of powers." Id. While the FDA cites other circuits that have been willing to extend the Nixon reasoning to "high government officials," see In re F.D.I.C., 58 F.3d 1055, 1060 (5th Cir.1995) (Federal Deposit Insurance Corporation directors); In re United States, 985 F.2d 510, 511-12 (11th Cir.1993) (FDA Commissioner); In re Attorney General of the United States, 596 F.2d 58, 64 (2d Cir.1979) (Attorney General), this incongruity is not important here. SmithKline subpoenaed FDA researchers, not the Commissioner or other high official.
 
 
 12
 "We are mindful of the harshness inherent in requiring a witness to place [himself] in contempt to create a final appealable decision." Micro Motion, 876 F.2d at 1577-78. However, as Judge Friendly said in National Super Spuds, Inc. v. New York Mercantile Exchange, 591 F.2d 174, 180 (2d Cir.1979) (internal citation omitted), "Both sides benefit from having a second look. The person ordered to respond may decide ... that the importance of the issue and the risk of adverse appellate determination do not warrant being branded as a contemnor. Conversely the person seeking the information ... may decide that the quest is not important enough to seek a contempt citation, thereby entailing the delay of an appeal...." The precedent requiring nonparties to challenge a discovery order through noncompliance with that order is substantial and we see nothing here that warrants an exception.
 
 Conclusion
 
 13
 Accordingly, the appeal is dismissed for lack of jurisdiction.
 
 
 14
 DISMISSED.