**FIRST USA BANK, N.A.,**
**Plaintiff–Appellee,**

v.

**PAYPAL, INC., Defendant,**

v.

**Peter A. Thiel, Subpoenaed**
**Party–Appellant.**

No. 03–1558.

United States Court of Appeals,
Federal Circuit.

DECIDED: Aug. 21, 2003.

Before MAYER, Chief Judge, LINN and PROST, Circuit Judges.

### ORDER

PROST, Circuit Judge.

Peter A. Thiel moves for a stay, pending appeal, of the order of the United States District Court of the Northern District of California directing him to produce his computer for forensic inspection and to appear for a deposition. First USA Bank, N.A. (FUSA) opposes and argues that Thiel's appeal should be dismissed. Thiel replies.

FUSA brought a patent infringement action against PayPal, Inc. in the United States District Court for the District of Delaware. FUSA also sought discovery pursuant to a subpoena from Thiel, Pay-Pal's former chief executive officer, in the California district court. Specifically, FUSA sought to compel his deposition and to require him to produce his laptop computer for forensic inspection. Thiel had used the computer as the CEO of PayPal and subsequently purchased it from PayPal when he left its employ. Thiel objected to the subpoena. A magistrate judge ordered that Thiel be available for deposition and approved a search protocol, which would allow electronic discovery consultants to create a forensic copy of the computer's hard drive and identify any potentially relevant documents and, if such documents were found and identified, would allow Thiel to create a privilege log. The district court affirmed the magistrate's order and Thiel appealed.

FUSA argues that Thiel's appeal should be dismissed because he has appealed from a nonfinal interlocutory order and that the so-called *Perlman* doctrine, asserted by Thiel, is inapplicable. We agree. It is the law of this circuit that orders requiring production of evidence in a subpoena proceeding are generally not immediately appealable by the subpoenaed party and that the subpoenaed party must refuse to comply and appeal any subsequent contempt order. *Connaught Laboratories v. SmithKline Beecham P.L.C.,* 165 F.3d 1368 (Fed.Cir.1999); *Micro Motion, Inc. v. Exac Corp.,* 876 F.2d 1574, 1576 (Fed.Cir.1989). The *Perlman* doctrine, based on *Perlman v. United States,* 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950 (1918), allows an outsider with a strong interest in the protection of a subpoenaed party's documents, but who is not subject to the order directing discovery, to intervene in that action and appeal the order. The rationale is that the subpoenaed party presumably lacks sufficient stake in the proceeding to risk contempt by refusing compliance and the outsider, who does not have recourse to that option, may appeal to protect its interest. *See Church of Scientology v. United States,* 506 U.S. 9, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992). Here, it is the subpoenaed party, Thiel, who has appealed. His appeal does not fall within the *Perlman* doctrine. Thus, pursuant to *Connaught* and *Micro Motion,* this interlocutory appeal must be dismissed.

Accordingly,

IT IS ORDERED THAT:

(1) Thiel's appeal is dismissed.

(2) Thiel's motion for a stay is moot.

(3) Each side shall bear its own costs.