**ARCTIC CAT INC., Plaintiff/Counterclaim Defendant Appellee,**

and

**Suzuki Motor Corporation, Counterclaim Defendant–Appellee,**

v.

**INJECTION RESEARCH SPECIALISTS, INC. and Pacer Industries, Inc., Defendants/Counterclaimants–Appellants.**

No. 04–1117.

United States Court of Appeals, Federal Circuit.

Feb. 24, 2004.

Before MICHEL, SCHALL, and DYK Circuit Judges.

*ORDER*

MICHEL, Circuit Judge.

Arctic Cat Inc. and Suzuki Motor Corporation (collectively Arctic Cat) move to dismiss the appeal of Injection Research Specialists, Inc. and Pacer Industries, Inc. (collectively Injection Research) for lack of jurisdiction. Injection Research opposes. Arctic Cat replies.

In two orders, on October 24 and November 14, 2003, the United States District Court for the District of Minnesota compelled production by November 28, 2003 of certain documents related to tests conducted by Injection Research on Arctic Cat snowmobiles and attorney-client communications disclosed in patent reissue oaths. On November 24, 2003, Injection Research filed a notice of interlocutory appeal seeking review of the district court's two discovery orders. On November 25, 2003, Injection Research filed a petition for writ of mandamus asking this court to stay or vacate the district court's discovery orders. On November 26, 2003, when this court denied Injection Research's petition for writ of mandamus, we were unaware that Injection Research had also filed a notice of appeal.

In *Quantum Corp. v. Tandon Corp.*, 940 F.2d 642 (Fed.Cir.1992), this court held that an order compelling production of attorney-client documents is not final and appealable. The court rejected the argument Arctic Cat makes here that interlocutory discovery orders should be reviewed under the collateral order doctrine enunciated in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The court reiterated the limited application of the collateral order doctrine and explained:

Indeed, it is settled that discovery orders issued within the context of a primary proceeding are generally not appealable orders. In addition to not

complying with the third requirement of the *Cohen* doctrine [requiring that an order be effectively unreviewable on appeal from a final judgment], such discovery orders may present issues not completely separate from the merits and thus the orders are not truly collateral under the second requirement of the *Cohen* doctrine.... Were such orders to be appealable before trial, a flood of piecemeal appeals would undoubtedly ensue.

*Quantum,* 940 F.2d at 644 n. 2 (citations omitted); *see also In Re Regents of the University of California,* 101 F.3d 1386 (Fed.Cir.1996) ("A writ of mandamus may be sought to prevent the wrongful exposure of privileged communications.")

In the instant case, Injection Research sought review of the discovery orders by way of a mandamus petition. The petition was denied. Such a denial does not entitle an unsuccessful petitioner to take another bite at the apple by pursuing an appeal of what this court has previously and clearly regarded as a nonfinal and unappealable order. Injection Research's reliance on *Connaught Laboratories, Inc. v. Smithkline Beecham P.L.C.,* 165 F.3d 1368 (Fed.Cir.1999) is misplaced. The facts of that case involving nonparty discovery are inapposite and do not negate the rule announced in *Quantum.* Further, Injection Research's dogged citation to the minority view of the United States Court of Appeals for the Third Circuit is not well received.

The law is clear. Thus, Injection Research's appeal must be dismissed.

Accordingly,

(1) The motion to dismiss is granted.

(2) Each side shall bear its own costs.

(3) All remaining motions are moot.