KNOLL PHARMACEUTICALS COMPANY, INC. and The John and Lois Arnold Family Limited Liability Partnership, Plaintiffs,

and

John D. Arnold, M.D., Nonparty–Appellant,

v.

TEVA PHARMACEUTICALS USA, INC., Defendant–Appellee.

No. 05–1127.

United States Court of Appeals, Federal Circuit.

April 6, 2005.

Before MAYER, RADER, and DYK, Circuit Judges.

ON MOTION

MAYER, Circuit Judge.

ORDER

Teva Pharmaceuticals USA, Inc. moves to dismiss John D. Arnold, M.D.'s appeal because Arnold appeals from a nonfinal order and lacks standing. Arnold opposes and, in the alternative, petitions for a writ of mandamus. Teva replies.

Arnold is the inventor and licensed the rights to the patent at issue in this case to Knoll Pharmaceuticals Company, Inc. et al. The licensing agreement provided, in part, that "both parties agree to cooperate fully with each other" in any litigation challenging the patent's validity. Knoll subsequently sued Teva in United States District Court for the Northern District of Illinois. During discovery, Teva moved to compel Knoll to produce 33 documents from Arnold's files that Knoll claimed were protected by the attorney-client privilege. Although Arnold did not intervene in district court, he filed an opposition to Teva's motion to compel. The district court concluded that the documents at issue were within the "custody and control" of Knoll based on the Knoll–Arnold licensing agreement and 30 of the documents were not

privileged. The district court ordered Knoll to produce those documents found to be nonprivileged.* Arnold appealed from the district court's discovery ruling.

■ Teva asserts that the district court's discovery order is not an appealable final order and that Arnold, a nonparty who is not subject to contempt proceedings and did not intervene below, lacks standing to appeal. We agree. Discovery orders are not final decisions and are, therefore, generally unappealable until final judgment has issued. *See Connaught Laboratories, Inc. v. SmithKline Beecham P.L.C.*, 165 F.3d 1368, 1369 (Fed.Cir.1999); *cf. Cobbledick v. United States*, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940) ("[T]he requirement of finality will be enforced not only against a party to the litigation but against a witness who is a stranger to the main proceeding."). Arnold urges that this case falls under the collateral order exception set forth in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), that provides for review where, among other things, the interlocutory order would be "effectively unreviewable on appeal from a final judgment." However, our precedent squarely rejects this argument. *See Quantum Corp. v. Tandon Corp.*, 940 F.2d 642, 644 (Fed.Cir. 1991) (holding discovery order directed at a party over privilege objection is "effectively reviewable" on appeal from final judgment); *see also, Connaught*, 165 F.3d 1368 (rejecting assertion that collateral order doctrine applied and dismissing nonparty's appeal of order compelling its employees to testify).

Further, as Teva points out, the *Perlman* doctrine, an earlier permutation of the *Cohen* exception, does not apply in this case. In *Perlman v. United States*, 247 U.S. 7, 12–13, 38 S.Ct. 417, 62 L.Ed. 950 (1918), the Court held that an individual claiming privilege could appeal from a discovery order directed at a third party where the third party had possession of the individual's documents. *See also, Church of Scientology v. United States*, 506 U.S. 9, 18 n. 11, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992) (stating that under the Perlman doctrine, "a discovery order directed at a disinterested third party is treated as immediately appealable final order because the third party presumably lacks a sufficient stake in the proceeding to risk contempt by refusing compliance" when the documents are in the third party's possession). Here, Arnold states that he has possession of the documents at issue; therefore, no third party can turn over the documents. Moreover, it seems clear that Knoll is no "disinterested" third party. *Id.* Thus, we conclude that the interlocutory order at issue is not appealable.

■ While it is true that "[a] writ of mandamus provides another path around the finality rule[,]" (*Connaught*, 165 F.3d at 1370), a petitioner bears the burden of proving that he has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). Arnold fails to meet

---

* The district court reserved ruling on the issue of privilege as to three Japanese patent application documents in Arnold's files. In opposition to Teva's motion to compel Knoll's production of these and the other documents, Arnold agreed to produce the Japanese documents to the district court for an in camera review "as long as it will not waive his jurisdictional objections."

this burden. By his own words, "the challenged order imposes no duties on Dr. Arnold concerning the documents found to be non-privileged." Thus, Arnold cannot be said to have no other means of obtaining relief at this juncture when he may simply refuse to relinquish the documents in his possession.

Because the interlocutory order at issue is nonappealable, Teva's motion to dismiss is granted. Because Arnold has not shown that he is entitled to a writ of mandamus, the petition is denied.

Accordingly,

(1) Teva's motion to dismiss is granted.

(2) Arnold's alternative petition for writ of mandamus is denied.

(3) All remaining motions are moot.

(4) Each side shall bear its own costs.