In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-1196

SIK GAEK, INCORPORATED,

*Plaintiff-Appellant*,

*v.*

MARCUS HARRIS, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 13 C 6624 — **James F. Holderman**, *Judge.*

SUBMITTED APRIL 2, 2015 — DECIDED JUNE 17, 2015

Before BAUER, POSNER, and MANION, *Circuit Judges.*

BAUER, *Circuit Judge.* Plaintiff-appellant, Sik Gaek, Incorporated, sought sanctions against defendant-appellee, Marcus Harris, for fees and expenses incurred in connection with Harris' failure to attend a deposition in contravention of a court order. The district court declined to impose sanctions and

closed the matter. Appellant appeals from that order.[1] We affirm.

## I. BACKGROUND

In 2010, appellant filed suit in the United States District Court for the Eastern District of New York against Daniel Kim and Yogi's II, Inc., alleging trademark infringement under the Latham Act and various state law claims. This discovery dispute arises out of that pending action.

Marcus Harris, a non-party to the underlying New York litigation, is a Chicago attorney who filed several trademark applications for Yogi's II, Inc. On July 17, 2013, appellant served Harris with a subpoena issued by the Northern District of Illinois, requiring his deposition and documents related to the trademark applications he filed for Yogi's II, Inc. The deposition did not take place on July 29, 2013, as scheduled.

On September 16, 2013, appellant filed a motion to enforce the subpoena. The district court granted the motion at a hearing on October 22, 2013, and ordered Harris to attend the deposition and produce the documents at his office at 12:00 p.m. on October 29, 2013. Appellant sent Harris, who was not present at the October 22 hearing, a copy of the order by mail and facsimile on October 23, 2013, and faxed a letter to Harris on October 28, 2013, confirming that the deposition would take place in accordance with the district court's order.

---

[1] Appellant also accuses the district court judge of "regionalism," or regional bias. This claim is groundless and warrants no further discussion.

On October 29, 2013, one of the appellant's attorneys, Thomas Park, arrived at Harris' office at 11:45 a.m. to take the deposition. Harris was not there. Park spoke to Harris over the phone and, according to Park, Harris stated that he was aware of the court order and would be willing to do the deposition, but that it would take him at least one hour or more to arrive at his office. Park told Harris that if he did not arrive by 1:00 p.m. it would be treated as a "no show." The deposition did not take place. Later that evening, Harris faxed a letter to Park stating, "I have every intention of complying with the court's order … . I can be available this week to be deposed either telephonically or by video. Please propose times that work with your schedule." Appellant did not respond to Harris' letter or attempt to reschedule. Rather, on October 30, 2013, the next day, appellant filed a motion to hold Harris in contempt for failing to attend the deposition on October 29, 2013, and seeking sanctions in the form of fees and expenses in excess of $6,800. Harris filed an affidavit attached to his reply, which explained that he was on vacation the week of October 22, 2013, celebrating his father's 70th birthday with his family in New York City, and that he first became aware of the district court's order of October 22, 2013, on October 29, 2013, at 12:41 p.m., when he spoke with Park on the phone. During that conversation, Harris claims that he told Park that he would rush to his office for the deposition, but would not be able to get there until about 2:00 p.m. According to Harris, Park refused to take his deposition on October 29 because he (Park) had to catch a train back to the airport at 1:00 p.m. Harris then offered to be deposed on the spot via telephone, but Park refused.

On November 6, 2013, Harris' attorney sent a letter to Park via email, facsimile transmission, regular mail, and certified mail. The letter stated: "Mr. Harris continues to be available for deposition, as he has been since he found out about this matter for the first time on October 29, 2013 … . Please contact me via email … at your earliest convenience to schedule his deposition." On November 8, 2013, Harris' attorney called Park's office in an attempt to reschedule the deposition; a receptionist informed Harris' attorney that Park was not available but would call back on November 11, 2013. When Park failed to call Harris on November 11, 2013, Harris' attorney sent Park another email that was substantially similar to the email sent November 6. Neither Park nor any other representative of appellant responded to Harris or his lawyers.

On December 17, 2013, the district court held a hearing on appellant's motion for contempt and sanctions. The district court ordered appellant to take and complete Harris' deposition that same day, and appellant did so. The court also ordered all pending motions, including appellant's motion for contempt and fees and expenses, moot. On January 7, 2014, appellant filed a renewed motion for sanctions in the form of fees and expenses in excess of $6,800. The district court entered an order denying appellant's motion on January 8, 2014, and closed the matter. This appeal followed.

## II. DISCUSSION

The initial inquiry in any appeal is whether the court to which the appeal has been taken has jurisdiction to entertain the appeal. Congress has granted the United States Courts of Appeals jurisdiction over all final decisions of the federal

district courts. *See* 28 U.S.C. § 1291. A final decision is one which ends the litigation on the merits and leaves nothing for the district court to do but execute the judgment. *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989). Ordinarily, a pretrial discovery order, such as a refusal to impose discovery-related sanctions, is not final in the sense that it winds up the underlying lawsuit. *Mulay Plastics, Inc. v. Grand T. W. R. Co.*, 742 F.2d 369, 370 (7th Cir. 1984). Strictly speaking, however, the finality rule is not without exceptions.

The federal courts of appeals have recognized that a pretrial discovery order may constitute a final appealable order when issued by a district court in an ancillary proceeding, and said district court is not within the jurisdiction of the circuit court having appellate jurisdiction to review the final adjudication of the main action. *See Natta v. Zletz*, 379 F.2d 615, 618 (7th Cir. 1967); *Carter Prods., Inc. v. Eversharp, Inc.*, 360 F.2d 868, 872 (7th Cir. 1966); *see also Hooker v. Continental Life Ins. Co.*, 965 F.2d 903, 905 (10th Cir. 1992); *Micro Motion, Inc. v. Exac Corp.*, 876 F.2d 1574, 1576 (Fed. Cir. 1989); *In re Grand Jury Proceedings, etc.*, 649 F.2d 387, 388 (6th Cir. 1981); *Republic Gear Co. v. Borg-Warner Corp.*, 381 F.2d 551, 554 (2d Cir. 1967); *Horizons Titanium Corp. v. Norton Co.*, 290 F.2d 421, 424 (1st Cir. 1961). Here, the district court order denying sanctions was issued in a jurisdiction not that of the main proceeding. Consequently, appellants cannot obtain effective review of the order as part of an appeal of a final adjudication of the main action; the Second Circuit lacks jurisdiction over both the district court that entered the order at issue and non-party Harris. Furthermore, this case was filed in the Northern District of Illinois solely for the purpose of obtaining discovery from Harris; after that object was

accomplished, the district court denied appellant's motion for sanctions and closed the matter, ending the ancillary litigation. There is nothing left for the district court to do. Rather, the only issue remaining is the validity of the district court's order, and appellant can only obtain meaningful review of that order in this court. For these reasons, we hold that this court has jurisdiction to review the district court's order.

As for the merits, Federal Rule of Civil Procedure 37(b)(2)(A) grants district courts the power to impose appropriate sanctions for violations of discovery orders. We review those sanctions only for an abuse of discretion. *Domanus v. Lewicki*, 742 F.3d 290, 295 (7th Cir. 2014). We do not find that the district court abused its discretion here.

Appellant contends that Federal Rule of Civil Procedure 37(b)(2)(C) mandates the assessment of fees and costs in the circumstances of this case. That Rule states, "the court must order the disobedient party … to pay reasonable expenses, including attorney's fees, caused by the failure, *unless* the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added). The qualifying language of the final clause makes clear that fees are not mandatory. Harris' failure to attend the deposition on October 29, 2013, was an inadvertent and irreproachable incident. As Harris explained in his affidavit, he was out of town the week of October 22, 2013, and was not present at the hearing on October 22, 2013, where the district court entered the pertinent order, nor did he receive the letters that appellant mailed and faxed to his office regarding the order. When Harris first became aware of the court's order, he offered to rush to his office to take the deposition as

scheduled, albeit it a few hours late; appellant, however, refused to grant him this minor concession. Harris further offered to conduct the deposition on the spot by telephone, but appellant refused this offer as well. Thereafter, Harris reached out to appellant no less than four times, each time informing appellant that he was available to schedule the deposition at appellant's earliest convenience, yet appellant did not respond to any of Harris' communications. The district court was intimately familiar with the parties and the facts and circumstances underlying this discovery dispute. The court's decision not to impose sanctions for Harris' inadvertent failure, which he went out of his way to rectify, did not constitute an abuse of discretion.

## III.  CONCLUSION

For these reasons, the district court's order denying appellant's motion for sanctions is AFFIRMED.