In re Application of Mohamed
AL FAYED.

No. 99–43(HHK).

United States District Court,
District of Columbia.

April 10, 2000.

---

Terrence O'Donnell, Paul C. Rauser, Williams & Connolly LLP, Washington, DC, for Mohamed Al Fayed.

Andrea M. Sharrin, Assistant U.S. Attorney, Civil Division, Federal Programs Branch, Washington, DC, for Government.

## MEMORANDUM OF DECISION

KENNEDY, District Judge.

On February 5, 1999, pursuant to 28 U.S.C. § 1782 ("section 1782"), this court granted Mohamed Al Fayed's ("Mr. Al Fayed") ex parte application for the issuance of a subpoena to the Central Intelligence Agency ("CIA").[1] Subsequently, Mr. Al Fayed filed a motion to compel compliance with the subpoena, and the CIA filed a motion to quash the subpoena.

---

1. That Order also directed the issuance of a subpoena to the Defense Intelligence Agency ("DIA"). As Mr. Al Fayed and the DIA have since reached agreement regarding produc-

tion of information, that subpoena is not the subject of the current motions or the present opinion.

On March 29, 2000, after considering the parties' motions and the record of the case, the court issued an order vacating in part its prior order; granting the CIA's motion to quash; denying Mr. Al Fayed's motion to compel; and quashing the subpoena. This memorandum sets forth the court's rationale for its March 29, 2000 order.

## I.  BACKGROUND

This case arises from the deaths of Diana, Princess of Wales ("Princess Diana"); Mr. Al Fayed's son, Dodi Fayed; and their driver, Henri Paul, in a highly-publicized automobile crash in August 1997.  The crash is the subject of a French investigatory proceeding that is, according to Mr. Al Fayed's counsel, currently pending appeal.  In January 1999, pursuant to section 1782, Mr. Al Fayed applied to this court for the issuance of a subpoena to the CIA for documents to be used in the French proceeding.  The court granted Mr. Al Fayed's ex parte application, and a subpoena was issued to the CIA.

The CIA refused to comply with the subpoena, and Mr. Al Fayed filed a motion to compel compliance.  In response, the CIA argued that the court should quash the subpoena because, *inter alia*, Mr. Al Fayed had made a virtually identical document request under the Freedom of Information Act, 5 U.S.C. § 552, *et seq.* ("FOIA"); the subpoena sought privileged, or otherwise protected, information; and the subpoena was overbroad and unduly burdensome.  The CIA later raised the argument that the court should quash the subpoena because section 1782 neither explicitly references the sovereign nor waives the CIA's sovereign immunity, and thus, according to the CIA, the court lacks subject-matter jurisdiction over the case.

## II.  LEGAL ANALYSIS

■  The court may not proceed to the merits of the case without first satisfying itself that it has subject-matter jurisdiction and that sovereign immunity does not bar the action.  *See, e.g., Galvan v. Federal Prison Industries, Inc.*, 199 F.3d 461, 463 (D.C.Cir.1999).  These are distinct, but interrelated concepts.  Sovereign immunity is jurisdictional: a court's jurisdiction to entertain a suit against the sovereign is circumscribed by the limits of the legislature's waiver of sovereign immunity.  *See, e.g., Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *see also Galvan*, 199 F.3d at 463.  Sovereign immunity is, however, a threshold issue that can be addressed separately from subject-matter jurisdiction, and can be addressed "even where subject matter jurisdiction is uncertain." *Galvan*, 199 F.3d at 463.

■  Turning to the question of sovereign immunity, the court considers whether this case, which does not involve the government's ability to sue or be sued, but rather a federal court's ability to compel a non-party government agency to produce evidence, implicates sovereign immunity, and, if so, whether the government has waived its sovereign immunity.  In *Northrop Corporation v. McDonnell Douglas Corporation*, 751 F.2d 395 (D.C.Cir.1984), the Court of Appeals for this Circuit found the sovereign immunity defense inapplicable to a federal-court subpoena issued to a non-party government agency.  In that case, in the course of litigation between two private parties, federal subpoenas were issued to the Department of Defense, the State Department, and the Departments of the Air Force and the Navy seeking documents relating to the sale of military equipment to several foreign countries.  The district court quashed the subpoenas, and McDonnell Douglas appealed.  On appeal, the Court of Appeals raised sua sponte the issue "whether sovereign immunity might bar an action to enforce a subpoena directed against the government when ... the government [was] not itself a party to the litigation." *Id.* at 398 n. 2. The Court of Appeals noted that although no federal court had ever

explicitly addressed that issue, "[s]ince at least 1965, ... this court has assumed the nonapplicability of sovereign immunity to such a subpoena." *Id.* (citations omitted). "Rather," the Court of Appeals explained, "courts have proceeded on the basis that the government has a set of special privileges—e.g., executive privilege, state secrets, deliberative process—which it may invoke to prevent disclosures that would be inimical to national security or its internal deliberations." *Id.* Declining to engage in a comprehensive survey of the topic, the Court of Appeals concluded as follows: "we find no cause in the present case to upset a steady course of precedent by attempting to graft onto discovery law a broad doctrine of sovereign immunity." *Id.*

The Court of Appeals for this Circuit modified its approach to the enforceability of federal subpoenas to non-party government agencies in *Houston Business Journal Inc. v. Office of Comptroller of Currency*, 86 F.3d 1208, 1212 (D.C.Cir.1996). In *Houston Business Journal*, the Court of Appeals stated that "[a] federal-court litigant ... can seek to obtain the production of documents from a federal agency by means of a federal subpoena. In federal court, the federal government has waived its sovereign immunity, see 5 U.S.C. § 702 ...." *Id.* at 1212. Implicit in the Court of Appeals' statement that "the federal government has waived its sovereign immunity" from a federal-court subpoena is the

premise that a federal-court subpoena implicates sovereign immunity. In this sense, the Court of Appeals' approach in *Houston Business Journal* differs from its approach in *Northrop*.[2] Under either approach, however, sovereign immunity does not bar the enforcement of a federal subpoena to a non-party federal agency. Thus, sovereign immunity does not require that this court's subpoena to the CIA be quashed.

This does not end the court's jurisdictional inquiry: although sovereign immunity does not bar the enforcement of the subpoena, the issue remains whether this court had the authority to issue the subpoena. *Cf. Houston Bus. Journal*, 86 F.3d at 1212 (holding that the federal government does not have sovereign immunity from a federal-court subpoena, but that the federal court lacked subject-matter jurisdiction in that case to issue the subpoena). As the United States Supreme Court explained in *United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, "the subpoena power of a court cannot be more extensive than its jurisdiction. It follows that if a district court does not have subject-matter jurisdiction over the underlying action, and the process was not issued in aid of determining that jurisdiction, then the process is void ...." 487 U.S. 72, 76, 108 S.Ct. 2268, 101 L.Ed.2d 69 (1988).

---

**2.** Courts in other Circuits have taken various approaches to the issue whether sovereign immunity bars the enforcement of such a subpoena. *See, e.g., United States EPA v. General Electric Co.*, 197 F.3d 592 (2d Cir.1999) (holding that sovereign immunity would bar the enforcement of a federal subpoena to the federal government in the absence of a waiver and that the Administrative Procedure Act provides such a waiver); *COMSAT Corp. v. National Science Foundation*, 190 F.3d 269, 277 (4th Cir.1999) (ruling that "sovereign immunity ... gives rise to the Government's power to refuse compliance with a subpoena" but that "[t]he APA waives sovereign immunity and permits a federal court to order a non-party agency to comply with a subpoena if the government has refused production in an ar-

bitrary, capricious, or otherwise unlawful manner."); *Exxon Shipping Co. v. United States Dep't of Interior*, 34 F.3d 774, 778 (9th Cir.1994) (rejecting government's sovereign immunity argument and "declin[ing] to hold that federal courts cannot compel federal officers to give factual testimony."); *Connaught Labs., Inc. v. SmithKline Beecham P.L.C.*, 7 F.Supp.2d 477, 479 (D.Del.1998) (stating that "in an action in federal court, sovereign immunity does not bar the federal court from enforcing a federal subpoena against the federal government."); *Leyh v. Modicon*, 881 F.Supp. 420 (S.D.Ind.1995) (holding that sovereign immunity did not bar enforcement of subpoena issued to non-party government agency, but quashing subpoena on other grounds).

**140**

■ The court thus turns to question whether it had jurisdiction to issue the subpoena to the CIA, and concludes that it did not. It is well-established that "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, ... which is not to be expanded by judicial decree .... It is to be presumed that a cause lies outside this limited jurisdiction, ... and the burden of establishing the contrary rests upon the party asserting jurisdiction ...." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (internal citations omitted). In this case, the party bringing this action, Mr. Al Fayed, relied solely upon section 1782.

Section 1782 provides in pertinent part:

(a) The district court of the district in which a *person* resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal .... The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested *person* and may direct that the testimony or statement be given, or the document or other thing be produced, before a *person* appointed by the court. By virtue of his appointment, the *person* appointed has power to administer any necessary oath and take the testimony or statement.....

A *person* may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

(b) This chapter does not preclude a *person* within the United States from voluntarily giving his testimony or statement, or producing a document or other thing, for use in a proceeding in a foreign or international tribunal before any person and in any manner acceptable to him.

28 U.S.C. § 1782 (emphasis added). Section 1782 does not define the term "person," and the parties dispute whether "person" includes the sovereign and, by extension, a federal agency such as the CIA. The CIA argues that because the word "person" is not ordinarily construed to include the sovereign, section 1782 does not apply to the CIA, and the court does not have subject-matter jurisdiction over the case. Mr. Al Fayed argues that "person" should be read as including the sovereign.

■ In considering whether "person" includes the sovereign, the court must examine the language of section 1782, as "[t]he starting point in every case involving construction of a statute is the language itself." *International Primate*, 500 U.S. at 79, 111 S.Ct. 1700 (citation and internal quotation marks omitted). In examining the language of the statute to determine the meaning of the term "person," the court examines the manner in which "person" is used throughout section 1782. *See, e.g, United States v. Cooper Corp.*, 312 U.S. 600, 606–07, 61 S.Ct. 742, 85 L.Ed. 1071 (1941) ("It is fair to assume that the term 'person', in the absence of an indication to the contrary, was employed by the Congress throughout the Act in the same, and not in different, senses."). In three of the instances in which the term "person" appears, the pronouns "him" and "his" are used to refer to the term. The use of "him" and "his" mitigates against interpreting the antecedent noun, "person," to mean "United States" or "agency." *Cf. International Primate*, 500 U.S. at 80, 111 S.Ct. 1700 (determining that it "ma[de] little sense" to read a statute as referencing an agency rather than an individual as the antecedent to the pronoun "him").

Further support for the CIA's argument that section 1782's reference to a "person" does not include the sovereign is found in the general canon that statutes using the word "person" are usually construed to exclude the sovereign. *See, e.g., International Primate Protection League v. Ad-*

ministrators of *Tulane Educ. Fund,* 500 U.S. 72, 82–83, 111 S.Ct. 1700, 114 L.Ed.2d 134 (1991); *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 64, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Wilson v. Omaha Indian Tribe,* 442 U.S. 653, 667, 99 S.Ct. 2529, 61 L.Ed.2d 153 (1979); *United States v. United Mine Workers of America,* 330 U.S. 258, 275, 67 S.Ct. 677, 91 L.Ed. 884 (1947); *Galvan v. Federal Prison Industries,* 199 F.3d 461, 467 (D.C.Cir. 1999). This rule of construction has particular force where, as here, it is "decidedly awkward" to construe "person" as including the sovereign. *See International Primate,* 500 U.S. at 83, 111 S.Ct. 1700. Nevertheless, there is " 'no hard and fast rule of exclusion,' ... and much depends on the context, the subject matter, legislative history, and executive interpretation." *Wilson,* 442 U.S. at 667, 99 S.Ct. 2529; *see also International Primate,* 500 U.S. at 83, 111 S.Ct. 1700. In this case, Mr. Al Fayed has pointed to, and the court is aware of, nothing in the "context, ... subject matter, legislative history, [or] executive interpretation" of section 1782 that would mitigate against the application of the general canon that "person" does not include the sovereign.

Accordingly, the court holds that the term "person," as used in section 1782, does not include a federal agency, such as the CIA.[3]

### III. CONCLUSION

For the foregoing reasons, the court concluded that it did not have subject-matter jurisdiction under section 1782 to issue a subpoena to the CIA. Consequently, the subpoena was quashed.

[3] In so holding, the court expresses no opinion as to whether the term "person" includes a federal officer, as distinct from a federal agency.